STRESSENGER ET AL., APPELLEES, *v.* BOARD OF COUNTY COMMISSIONERS OF MONTGOMERY COUNTY, APPELLANTS.

(No. 3739—Decided June 28, 1971.)

*Messrs. Baggott & Ernst, Mr. Mason Douglass, Mr. Kenneth L. Bailey,* and *Mr. Robert Bruce Shearer,* for appellees.

*Mr. Lee C. Falke,* prosecuting attorney, and *Mrs. Lillian M. Kern,* for appellants.

CRAWFORD, J. This appeal on questions of law is taken by the defendant board of county commissioners from a judgment of the Court of Common Pleas denying the board's motion for a summary judgment, and granting a motion of plaintiffs and intervenors for a summary judgment in their favor. The judgment permanently enjoins defendant board, appellant herein, from further proceeding upon an annexation petition which seeks to annex to the city of Dayton, the whole of Wayne township and certain portions of Harrison and Mad River townships which lie between Wayne township and the city.

At the time the annexation petition was presented, R. C. 709.02 required that it be signed by a majority of the adult freeholders residing in the territory proposed to be annexed.

The judgment found and declared that Wayne township is not adjacent to the city as required by R. C. 709.02; that inclusion in the annexation petition of certain territory in Harrison and Mad River townships, without petitions by resident freeholders therein, is contrary to the statute; and that therefore the defendant board is without legal authority to effect the annexation, and that intervening petitioners (from Harrison township) and their lands are not legally subject to any orders of annexation.

Wayne township comprises 13,420.745 acres. It is not adjacent to the city as required by R. C. 709.02. Included in territory described in the petition to annex are also a section of land encompassing 460.69 acres in Harrison township and one composed of 230.23 acres in Mad River township, both of which lie between and are adjacent to Wayne township and the city and border each other.

The petition for annexation presented to the defendant board contains no signatures of any resident free-

holders in either Harrison or Mad River townships, nor was the petition ever presented to them. The couple who own the entire affected portion of Mad River township, and also numerous resident freeholders of Harrison township filed petitions with the defendant board requesting that the affected territory in both these townships be deleted and stricken from the annexation petition. Defendant board has not granted these petitions. It set a date for hearing on the annexation petition.

The plaintiff is a resident freeholder of Wayne township. The intervenors are resident freeholders of the affected portion of Harrison township. All seek a declaratory judgment and a permanent injunction against the board to prevent it from proceeding upon the annexation petition.

Defendants call attention to the fact that this court previously denied to plaintiff, as relator, a writ of prohibition to stop the respondent board from proceeding. In so doing, we observed that relator had an adequate remedy by way of injunction. Although we mentioned specifically R. C. 709.07 and the particular injunctive remedy therein provided, we did not say, nor is it our view, that such injunctive relief is exclusive.

The statute itself does not so provide. If it would be illegal for the board to approve this annexation, it is the duty of a court of equity to say so now, and thus avoid circuity as well as a multiplicity of actions and proceedings.

There is no substance in the argument that our decision denying prohibition renders the matter *res adjudicata.* That proceeding challenged the jurisdiction of the board to proceed. The present action questions simply the legality of annexation in the existing circumstances.

We come then to the question of whether the board may legally consider annexation. The assistant prosecutor has appropriately argued that the signers of the annexation petition may reside in any part of the territory proposed to be annexed, and that there need not be signers from every political and governmental subdivision involved,

Granting the technical correctness of this proposition in the abstract, equity will regard the substance and not the form. It must inquire into the basic purpose of the requirement of adjacency.

Plaintiff has filed an affidavit asserting that the inclusion of the segments of Harrison and Mad River townships was designed to avoid and evade the provision of R. C. 709.02 that the territory sought to be annexed must be adjacent to the annexing city. This assertion has not been denied. The circumstances attest its truth: *e. g.* the facts that the segments make up but a small fraction (one twentieth) of the entire territory; that Wayne township is like a large balloon, connected to the city only by this small isthmus carved from the other two townships; and that the resident freeholders in these intervening communities have been ignored, and their wishes and protests denied, etc.

Defendants argue that there is no law forbidding the fragmentation of various political subdivisions in an annexation petition. It must be borne in mind, however, that the obvious purpose of requiring adjacency is that the annexing city may find it convenient to extend its services, and also and equally important, that after annexation the entire area may be a unified community.

A number of authorities have been cited by the trial judge in his opinion, holding that even without the Ohio statute, artificial gerrymandering of territory to attain adjacency is illegal and inequitable. 37 American Jurisprudence 644, 645, Municipal Corporations, Section 27, *Wild* v. *People, ex rel. Stephens* (1907), 227 Ill. 556, 81 N. E. 707; *People, ex rel. Adamowski,* v. *Village of Streamwood* (1959), 15 Ill. 2d 595, 155 N. E. 2d 635; *Potvin* v. *Village of Chubbuck* (Idaho 1955), 284 P. 2d 414; and *Clark* v. *Holt* (Ark. 1951), 237 S. W. 2d 483. Exact dimensions and configurations can hardly be expected to coincide in any two cases, but the principle is the same. The problem involves more than a matter of geometry. The rights of these intervenors are being violated, as is the principle of a united community.

The case of *Watson* v. *Doolittle* (1967), 10 Ohio App. 2d 143, asserts the principles which we and the trial judge

have enunciated here. Defendants would distinguish that case because the procedure followed that outlined in R. C. 709.07. An injunction was sought after the board of county commissioners had held a hearing and ordered annexation.

If, as in the present case, annexation would clearly be illegal, why delay? The present right to seek a declaratory judgment is apparently not questioned. When the rights have been adjudicated and determined in such an action, it would be but a vexatious and needless expense to put the defendant board of commissioners and all concerned to procedures already declared illegal.

The judgment will be affirmed.

*Judgment affirmed.*

SHERER, P. J., and REILLY, J., concur.

REILLY, J., of the Tenth Appellate District sitting by designation in the Second Appellate District.