MARGARET G. REAFSNYDER, VICTOR J. REAFSNYDER, JACOB MAURER & SONS, A PARTNERSHIP, CARL M. WENDEL, GLENN O. WAGNER, WILLODEAN FORKS, CONRAD FORKS, KALEEN KEHOE, RICHARD L. KEHOE, JR., STEPHEN M. KERR, JEANETTE S. KERR, LYNN K. COYLE, WILLIAM M. COYLE, MARY C. GROVER *v.* CITY OF WARSAW, INDIANA.

[No. 3-872A45.  Filed March 8, 1973.]

*George M. Bowser,* of Warsaw, for appellants.

*Herbert H. Bent, Rockhill, Kennedy, Pinnick, Sand & Bent,* of Warsaw, for appellee.

## STATEMENT ON THE APPEAL

STATON, J.—Margaret G. Reafsnyder and others brought a declaratory judgment suit against the City of Warsaw to have declared invalid Ordinance No. 535 which sought to annex to the City of Warsaw certain tracts of land owned by Margaret G. Reafsnyder and others.[1] The City of Warsaw filed a motion to dismiss the complaint. This motion was sustained upon two grounds:

1. Margaret G. Reafsnyder and others did not have standing to bring suit in the Kosciusko Circuit Court;
2. The complaint failed to state a claim upon which relief can be granted as required by Rule TR. 12(B) (6) of the Indiana Rules of Procedure.

We hold that Margaret G. Reafsnyder and others had standing and that the complaint does state a claim upon which relief can be granted. In our opinion which follows, we reverse the trial court's judgment which sustained the City of Warsaw's motion to dismiss.

STATEMENT OF THE FACTS: The City Council of the City of Warsaw on July 15, 1968, passed Ordinance No. 518 to annex additional land. Substantially all of the affected landowners remonstrated against the annexation. While the remonstrance to Ordinance No. 518 was pending review in the

---

1. Margaret G. Reafsnyder and others brought the action in the Kosciusko Circuit Court as a remonstrance pursuant to Ind. Ann. Stat. § 48-702 [repealed January 1, 1970]. However, Margaret G. Reafsnyder and others had neither a majority of the affected landowners nor more than 75% of the assessed valuation of the real estate as required by § 48-702 to sustain their remonstrance. Therefore, they amended their action to bring an action for declaratory judgment.

circuit court, the City Council enacted Ordinance No. 530 which repealed Ordinance No. 518.

A second annexation attempt was made by the Warsaw City Council on February 17, 1969. It passed Ordinance No. 535 which proposed to annex some but not all of the land sought to be annexed in Ordinance No. 518.

Remonstrator Reafsnyder and others, hereinafter referred to as Reafsnyder, filed suit to vacate and set aside Ordinance No. 535 on March 29, 1969. Lacking the statutory requisites to appeal the City's action to the Kosciusko Circuit Court, Reafsnyder amended her claim to an action for declaratory judgment on September 24, 1970. The City of Warsaw filed a motion to dismiss the suit. The motion was sustained on January 5, 1971. Reafsnyder filed a "Second Amended and Supplemental Paragraphs II, III, and IV and Additional Supplemental Paragraph V." On the same day, the City of Warsaw again filed their motion to dismiss.

The second motion to dismiss was sustained on January 29, 1972. The motion to correct errors was filed on March 29, 1972 and overruled on June 2, 1972.

The record was received by this Court on August 8, 1972, and the appeal was fully briefed and distributed to our Court on November 9, 1972.

STATEMENT OF THE ISSUES: Only two issues will be discussed in our opinion which follows:

1. Did the landowners have standing to bring a declaratory judgment to have Ordinance No. 535 declared invalid?
2. Does a complaint for declaratory judgment which attacks an annexation ordinance upon the theory of pretext contiguity state a claim which will defeat a dismissal of the action pursuant to Rule TR. 12(B) (6).

STATEMENT ON THE LAW

ISSUE ONE: The first issue is raised by the City of Warsaw. It contends that Reafsnyder lacks standing to bring this suit either under statutory authority or as a declaratory

judgment. Reafsnyder concedes that she has no statutory standing under Ind. Ann. Stat. § 48-702 [repealed January 1, 1970] but contends that she does have standing under the Declaratory Judgment Act.

We have held that even in the absence of a statute granting authority to appeal, a person may seek review of the agency action as a declaratory judgment if he can show that he has the requisite standing. *City of Hammond* v. *Board of Zoning Appeals* (1972), 152 Ind. App. 480, 284 N.E.2d 119; *Bryant* v. *Lake County Trust Co.* (1972), 152 Ind. App. 628, 284 N.E.2d 537.

Paragraph three of Reafsnyder's complaint reads as follows:

"For second amended and supplemental Paragraph III of complaint the plaintiffs above named complain of the Defendant City of Warsaw, Indiana, and say:

"1. The plaintiffs incorporate herein as part of this second amended and supplemental Paragraph III of complaint the rhetorical paragraphs numbered 1, 2, 3, 4, 5 and 6 of the preceding second amended and supplemental Paragraph II of complaint, together with the exhibits referred to in said rhetorical paragraphs 1 to 6 inclusive.

"2. That the territory sought to be annexed by the said ordinance is separate, apart, segregated and isolated from the Defendant City not only geographically, socially and economically, but also with only a subterfuge of contiguity by 300 feet of fenced frontage along the northeasterly side of new Highway 30 in pretence of support of the territory sought to be annexed roughly shaped as a staircase downward of perimeter of over 8500 feet beginning with a bottom step 260 feet in heighth followed by steps of 580 feet and 1042.3 feet in heighth respectively along the northeast side of said new highway until the very valuable tract of the United Telephone Co. of Indiana 3700 feet from the point of beginning is embraced, and then runs southwest across the said highway to take in three small tracts across from the said telephone company tract and then returns to the point of beginning along southwesterly side of said highway until it meets the intersection of the city's eastern line and runs thence north to northeast side of the highway and thence northwesterly to the point of beginning; all as appears on the said map marked Exhibit B attached hereto.

"3. That such area so sought to be annexed by such subterfuge of connection with the Defendant City leaves wholly unannexed the triangular area of approximately 60 acres lying between the City's eastern limits and the southwesterly side of said new Highway 30, as well as the lands north of the eastern part of the City immediately to the west of the area sought to be annexed, and the area north and east of the territory sought to be annexed.

"4. That said pretended contiguity was for the sole purpose of including within the City the said very valuable improved tract of the said telephone company of assessed valuation of $14,610.00 for tax purposes, and incidentally therewith the Bareham Motel tract, and the Funk Realty trailer court tract including the taxable personal property owned by the plaintiff owners of personal property located on the Funk Realty tract occupied by the said Plaintiff owners of personal property, and the tract of Plaintiff Jacob Maurer and Sons, all immediately across the Highway 30 from the telephone company property, for the taxes to be derived from all of such property both real and personal, and only incidentally for taxes but for the main purpose of providing connecting links to the said telephone company and the said three small tracts across therefrom, by means of the unimproved 67/100 Peterson tract, that part of Reafsnyder farm on northeast side of Highway 30 and the unimproved Wendel and Wagner tract which is adjoined on its east side by the telephone company tract.

"5. That under the facts hereinabove alleged the territory sought to be annexed is not in fact contiguous to the limits of the Defendant City of Warsaw within the meaning of Section 48-701 of Burns Revised Statutes, 1963 Replacement; and that the Defendant City's attempt to annex the territory described in Ordinance 535 upon the basis of contiguity as alleged in the Ordinance is palpably unjust and unreasonable and arbitrarily and capriciously harmful to all Plaintiffs, for which the Plaintiffs do not have adequate remedy at law.

"6. The Plaintiffs would further allege that contest of the validity of the Ordinance 535 was begun prior to the expiration of time limited therefor and that the foregoing question of contiguity herein is raised prior to any final resolution of other defenses raised against the Ordinance 535 and prior to any effectiveness of the said ordinance.

"WHEREFORE the Plaintiffs pray that Ordinance No. 535 of the Defendant City of Warsaw be set aside and held for

naught; and Plaintiffs pray for their costs and for all further proper relief."

Reafsnyder specifically attacks the jurisdiction of the Warsaw City Council by alleging that the land sought to be annexed is not contiguous to the existing boundaries of the City of Warsaw. In *Montagana* v. *City of Elkhart* (1971), 149 Ind. App. 283, 271 N.E.2d 475, 480, Judge Sullivan stated:

"The action of the common council of a city to annex lands *must* be considered a proper subject of a taxpayer suit if wastage of public funds is evident or certain to occur as a result of annexation. Wastage in the sense of unauthorized expenditures for services to the annexed area would be certain if the council acted without jurisdiction over the subject matter. For example, according to both statutory and decisional law in this state, the council would lack jurisdiction to act if the land to be annexed is not contiguous to the existing boundaries of the city; . . ."

Therefore, Paragraph Three of Reafsnyder's complaint is sufficient to show that they have standing to bring a declaratory judgment suit.[2]

ISSUE TWO: The trial court granted the City of Warsaw's motion to dismiss for failure to state a claim pursuant to Rule TR. 12(B) (6) of the Indiana Rules of Procedure. When reviewing a motion to dismiss, we are guided by the following standards set forth in *Gladis* v. *Melloh* (1971), 149 Ind. App. 466, 468, 273 N.E.2d 767, 769. This Court stated in an opinion written by Judge Sharp:

"To this amended complaint the defendant-appellee has filed a motion to dismiss under Trial Rule 12(B) (6) under the Indiana Rules of Procedure. Said motion to dismiss asserts that the plaintiff has failed to state a claim upon which relief can be granted. The trial court sustained the . . . motion to

2. For additional cases holding that a declaratory judgment is the proper vehicle to attack an annexation ordinance because it did not meet the requirement of contiguity see: *Potvin* v. *Village of Chubbuck* (1955), 76 Idaho 453, 284 P. 2d 414; *Town of Mt. Pleasant* v. *City of Racine* (1964), 24 Wis. 2d 41, 127 N.W. 2d 757; *Stressenger* v. *Board of County Comm'rs of Montgomery County* (1971), 28 Ohio App. 2d 124, 276 N.E.2d 265.

dismiss ... The sole matter for our concern here is whether or not the amended complaint ... is sufficient to withstand a motion to dismiss for failure to state a claim upon which relief can be granted. Both divisions of this court have recently spoken on the question of the sufficiency of a complaint to withstand a motion to dismiss under Trial Rule 12(B) (6). See *Farm Bureau Ins. Co.* v. *Clinton, et al.,* 149 Ind. App. 36, 269 N.E.2d 780 (1971) and *Theis* v. *Heuer,* 149 Ind. App. 52, 270 N.E.2d 764 (1971). We need not recite the authorities cited in *Farm Bureau Ins. Co.* v. *Clinton* and *Theis* v. *Heuer.*

"In addition the Supreme Court of the United States has stated that a 'complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' *Conley* v. *Gibson,* 355 U.S. 41, 45, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

"Where the complaint shows the plaintiff may be entitled to some relief, the complaint is not to be dismissed even though he is not entitled to the particular relief for which he has asked in his demand for judgment. *Lada* v. *Wilkie,* 250 F. 2d 211 (8th Cir. 1957).

"The test is whether in the light most favorable to the plaintiff and with every intendment regarded in his favor, the complaint is sufficient to constitute any valid claims. *Knox* v. *First Sec. Bank of Utah,* 196 F. 2d 112 (10th Cir. 1952).

"Since Trial Rule 12 of the Indiana Rules of Civil Procedure is quite similar to its counterpart of the Federal Rules of Civil Procedure, the above Federal authorities are relevant to a proper interpretation of the Indiana Rules.

"We must, therefore, consider the allegations of the amended complaint as true on their face with all inferences most favorable to the plaintiff. . . ."

Reafsnyder's complaint alleged a lack of jurisdiction to annex since the territory to be annexed was not contiguous.[3]

---

3. Nothing contained in this opinion should be construed as a determination on the merits. This is not our function when reviewing a Motion to Dismiss. As to the merits of Reafsnyder's claim see *City of Aurora* v. *Bryant* (1960), 240 Ind. 492, 505-06, 165 N.E.2d 141.

Contiguity of the territory to be annexed is a statutory requirement.[4] Three hundred feet of the territory does physically abut the city limits of Warsaw, but Reafsnyder contends that this is a mere pretext of contiguity, a mechanical compliance with the statute. Such mechanical statutory compliances have been characterized as "corridor,"[5] "finger,"[6] "dumbbell"[7] and "lasso"[8] annexations.

We must construe the statutory meaning of "contiguous." Territory nearby, in the neighborhood or locality can be excluded.[9] Our initial inquiry is limited to territory touching, adjoining and connected as distinguished from territory separated by other territory. See *In Re Sherill* (1907), 188 N.Y. 185, 81 N.E. 124, 131; *Watson* v. *Doolittle* (1967), 10 Ohio App. 2d 143, 226 N.E.2d 771; *Huff* v. *City of Lafayette* (1886), 108 Ind. 14, 17, 8 N.E. 701. Further insight and understanding can be gleaned from examining the meaning of "city" and "municipal corporation" as it relates to annexation. In 62 C.J.S. *Municipal Corporation* § 9(b), at 87 (1949), we find the following:

"The word 'city,' with respect to territory, implies the idea of compactness, unity, and continuity, and an assemblage of inhabitants living in the vicinity of each other and not separated by any other intervening division of the

---

4. Ind. Ann. Stat. §§ 48-701 and 48-702 were repealed effective January 1, 1970. However, this action began on March 29, 1969 with the passage of Ordinance No. 535 and must be governed by the statutes in effect at that time.

5. *Ridings* v. *City of Owensboro* (1964), Ky., 383 S. W. 2d 510.

6. *Clark* v. *Holt* (1951), 218 Ark. 504, 237 S. W. 2d 483.

7. *Portland General Elec. Co.* v. *City of Estacada* (1952), 194 Ore. 145, 241 P. 2d 1129.

8. *Park* v. *Hardin* (1942), 203 Ark. 1135, 160 S. W. 2d 501.

9. Ind. Ann. Stat. § 48-702 [repealed January 1, 1970] reads in pertinent part as follows:

"Remonstrances against annexation—Procedure—Fire protection and other services—Agreement for or court action in regard to. . . . Such evidence demonstrating the presence of the following conditions shall be considered the primary determinants of the annexation's merit:

\* \* \*

"(f) The lines of the annexation are so drawn as to form a compact area abutting the municipality."

state. A city cannot be organized so as entirely to surround unorganized or unincorporated territory."

In *Clark* v. *Holt* (1951), 218 Ark. 504, 237 S.W.2d 483, 485, the court stated:

" '. . . The legal as well as the popular idea of a municipal corporation in this country, both by name and use, is that of oneness, community, locality, vicinity; a collective body, not several bodies; a collective body of inhabitants—that is, a body of people collected or gathered together in one mass, not separated into distinct masses, and having a community of interests because residents of the same place, not different places. So, as to territorial extent, the idea of a city is one of unity, not of plurality; of compactness or contiguity, not separation or segregation.' "

Therefore, if an alleged contiguity is superficial, a subterfuge or a pretext to extend boundaries which results in a territorial appendage that has little relationship to the compactness and unity of the city, the annexation is invalid. *Ridings* v. *City of Owensboro* (1964), Ky., 383 S.W.2d 510, 512; *Watson* v. *Doolittle, supra; Portland General Elec. Co.* v. *City of Estacada* (1952), 194 Ore. 145, 241 P. 2d 1129; *Stressenger* v. *Board of County Comm'rs of Montgomery County* (1971), 28 Ohio App. 2d 124, 276 N.E.2d 265; *Potvin* v. *Village of Chubbuck* (1955), 76 Idaho 453, 284 P.2d 414, 417; *State ex rel. Danielson* v. *Village of Mound* (1951), 234 Minn. 531, 48 N.W.2d 855, 865; *Town of Mt. Pleasant* v. *City of Racine* (1964), 24 Wis. 2d 41, 127 N.W. 2d 757, 759. If Reafsnyder can submit evidence which would show by its preponderance that the actual abutting territory was merely a mechanical statutory compliance and not contiguous for the purpose of annexation, no jurisdiction would exist and Ordinance No. 535 would be invalid. *Clark* v. *Holt, supra; Wild* v. *People ex rel. Stephens* (1907), 227 Ill. 556, 81 N.E. 707, 708; *Park* v. *Hardin* (1942), 203 Ark. 1135, 160 S.W.2d 501, 502.

The motion to dismiss should have been overruled. The

judgment of the trial court should be and the same hereby is reversed.

Sharp, J., concurs. Hoffman, C.J., concurs in result.