MOBILE ENTERPRISES, INC. V. LARRY A. CONRAD, SECRETARY OF STATE OF INDIANA: FRANCIS E. CHAMBERS, DIRECTOR OF THE UNIFORM COMMERCIAL CODE; AND ALLIED FIDELITY COMPANY

[No. 2-976A343: Filed September 11, 1978.]

*William N. Salin, Robert Owen Vegeler, Kennerk, Dumas, Burke & Backs,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General of Indiana, *Susan J. Davis,* Deputy Attorney General, *John A. Perrin, Auberry, Stanek & Perrin,* of Indianapolis, for appellees.

## CASE SUMMARY

CHIPMAN, J. — Plaintiff-Appellant Mobile Enterprises, Inc. (Mobile) appeals from the trial court's order dismissing its Complaint against Defendants-Appellees Larry A. Conrad (Conrad), Francis E. Chambers (Chambers), and Allied Fidelity Company claiming dismissal of its Amended Complaint for failure to state a claim for which relief could be granted was erroneous.

We reverse and remand.

## FACTS

The essential facts and allegations of Mobile's Amended Complaint are:

December 1970, Conrad assumed his duties as the duly elected Secretary of State of Indiana. Subsequently, Chambers was designated Director of the Uniform Commercial Code Division.

January 2, 1973, Michigan National Bank properly perfected a security interest by filing a financing statement in the Secretary of State's office covering existing and after acquired inventory of Skelog, Inc., (Skelog), including house trailers and the proceeds thereof which might be held as inventory by Skelog.

August 15, 1973, Mobile, desiring to finance an inventory of house trailers for Skelog, telephoned the Secretary of State's office and requested information identifying all prior security interest holders in Skelog's collateral. The response to Mobile's request failed to indicate Michigan National Bank's prior security interest in Skelog's inventory.

On that same date, August 15, 1973, Mobile, believing itself able to perfect a prior security interest in Skelog's inventory of house trailers, entered into a security agreement with Skelog to finance new inventory collateral. Mobile then sold house trailers to Skelog, creating an indebtedness of $39,362. Skelog took possession of these house trailers in September 1973.

Skelog failed to pay its indebtedness to both Michigan National Bank and Mobile. In January 1974, Michigan National Bank, pursuant to its security agreement with Skelog, took possession of the house trailers Mobile had sold and financed for Skelog and disposed of them in order to satisfy the indebtedness owed them. This left Mobile with no collateral from which to recover its outstanding loan. The indebtedness owed Mobile remains unpaid.

Mobile brought this action alleging:

28.   By reason of the breaches of legal duty [to maintain a security interest file and answer requests from this file] and negligent actions of Larry A. Conrad, the Secretary of State of Indiana, Francis E. Chambers, Director of the Uniform Commercial Code and their employees, the plaintiff, Mobile Enterprises, Inc., has been damaged in the amount of Thirty-nine Thousand Three Hundred Sixty-two Dollars ($39,362.00) and proper interest since January, 1974.

Conrad, Chambers, and their surety, pursuant to Rule TR. 12 (B)(6) filed Motions to Dismiss, predicating their defense on Mobile's failure to submit a written request for information.[1] They also allege that even if Mobile had "properly" made a written request, Mobile's complaint would, nevertheless, still fail to state a claim upon which relief could be granted because, absent bad faith or malice on the part of Conrad

---

1.   *See* IC §26-1-9-407(2) [Burns 1974]; Administrative Rules and Regulations [Burns 1976], Rule (26-1-9-407)-3.

and Chambers, (which Mobile did not allege), they were immune from liability.

The trial court granted the Motions and entered an order dismissing Mobile's complaint. Mobile now appeals.

## ISSUE

The sole issue is whether Mobile's Amended Complaint is sufficient to withstand Appellees' Motions to Dismiss for failure to state a claim upon which relief could be granted.

## DECISION

*CONCLUSION* — It is our opinion that Mobile's Amended Complaint states a legally sufficient claim against Conrad, Chambers, and their surety and should not have been dismissed because Mobile had made a telephone request rather than submitting a written request, or because of a theory of governmental immunity for executive officers in Indiana.

As a preliminary, we emphasis that our decision must rest upon the propriety of granting the Motions to Dismiss. We will not indulge in speculations as to whether Mobile can prove the allegations of its Amended Complaint at a trial on the merits. The salient isue is whether the trial court acted properly in granting the Motions to Dismiss under Rule. TR. 12(B)(6).

The standard from which we begin our analysis of Mobile's claim for relief was summarized in *Gladis v. Melloh* (1971), 149 Ind.App. 466, 469, 273 N.E.2d 767, 769, as follows:

> The test is whether in the light most favorable to the plaintiff and with every intendment regarded in his favor, the complaint is sufficient to constitute any valid claims. (Citations ommitted).

Our court has repeatedly reaffirmed this standard.[2]

> The Indiana Supreme Court in *State v. Rankin* (1973), 260 Ind. 228, 294 N.E.2d 604, 606, further stated:

---

2. *See Pruden v. Trabits* (1977), 175 Ind.App. 219, 370 N.E.2d 959; *Silverman v. City of Fort Wayne* (1976), 171 Ind.App. 415, 357 N.E.2d 285; *Roberts v. State* (1974), 159 Ind.App. 456, 307 N.E.2d 501; *Reafsnyder v. City of Warsaw* (1973), 155 Ind.App. 455, 293 N.E.2d 540.

This court has noted that in a typical 12(B)(6) situation, a complaint is not subject to dismissal unless it appears to a certainty that the plaintiff would not be entitled to relief under any set of facts. . . . When no evidence has been heard or no affidavits have been submitted, a 12(B)(6) motion should be granted only where it is clear from the facts of the complaint, that under no circumstances could relief be granted.

*See Silverman, supra; Citizens National Bank of Grant County v. First National Bank in Marion* (1975), 165 Ind.App. 116, 331 N.E.2d 471.

In the case at bar we find no indication in the record that affidavits pertaining to the Motions to Dismiss were presented or that evidence was heard by the trial court. The question becomes whether Mobile's Complaint on its face is legally sufficient.

Mobile's Complaint alleges facts supporting the unintentional tort of negligence which might well entitle Mobile to relief, unless its recovery is precluded by Mobile's own actions or the immunity of Conrad, Chambers, and their surety from tort liability. Conrad and Chambers allege that if they have acted in good faith, they are immune from civil liability in this action; however, they may not rest comfortably behind the bare legal anachronism of public officials' immunity from tort liability. It is not necessary that public officers act in bad faith in order to be liable for acts of nonfeasance. *Salem Bank & Trust Company v. Whitcomb* (1977), 173 Ind.App. 183, 362 N.E.2d 1180.

Our court in *Salem Bank* held that where the Secretary of State and the Director of the Uniform Commercial Code Division have a statutory duty to give information from official security records, these public officers may be held liable for negligence which results in the giving of incorrect information, even though they have not acted in bad faith. The comprehensive immunity previously enjoyed by such officials has been eviscerated. It is no longer the title of the office, but rather, the duties with which Conrad and Chambers are sought to be made to respond in damages which delineate the scope of their immunity. *See Scheuer v. Rhodes* (1974), 416 U.S. 232, 94 S. Ct. 1683, 40 L.Ed.2d 90.

The Secretary of State and the Director of the Uniform Commercial

Code Division may be found liable not only where they have breached a statutory duty, but also where they may have failed to exercise reasonable care in performing a ministerial act. We have consistently distinguished between performance of ministerial and discretionary acts in determining whether governmental immunity will be accorded officials for their acts in the performance of their official duties. The test for such a distinction was set out by our court in *Adams v. Schneider* (1919), 71 Ind.App. 249, 124 N.E. 718;

> A duty is discretionary when it involves on the part of the officer to determine whether or not he should perform a certain act, and if so, in what particular way, and in the absence of corrupt motives in the exercise of such discretion he is not liable. *His duties, however, in the performance of the act, after he has once determined that it shall be done, are ministerial, and for negligence in such performance, which results in injury, he may be liable in damages.* (Our emphasis).

*See also Wallace v. Feehan* (1934), 206 Ind. 522, 190 N.E. 438; *Department of Commerce v. Glick* (1978), 175 Ind.App. 449, 372 N.E.2d 479; *Salem Bank, supra; Board of Commissioners of Delaware County v. Briggs* (1975), 167 Ind.App. 96, 337 N.E.2d 852.

In *Board of Commissioners of Delaware County v. Briggs, supra,* a motorcyclist instituted suit against the county seeking to recover for injuries sustained when his motorcycle left the highway upon coming to a "Y" intersection where the warning sign was no longer in place. Our Court held the county's failure to maintain a warning sign, after initially determining the sign should be erected, was a ministerial act. The applicable statute provided that local authority *could* place such traffic devices *as they deemed necessary*; therefore, the intitial determination to put up a traffic sign was a discretionary act; however, maintaining these signs, once the determination to erect them had been reached, was a ministerial act for which there could be liability without malice or evil intent.

Similarly, we find in the case at bar that Administrative Rules and Regulations [Burns 1976], Rule (26-1-9-407)-3 indicates that requests submitted to the Secretary of State's office for filing information pursuant to IC §26-1-9-407(2) [Burns 1974] should be in writing; however, Ad-

ministrative Rules and Regulations [Burns 1976], Rule (26-1-9-408)-10 leaves it within the Secretary of State's discretion to elect to accept telephone requests.[3]

Once the Secretary of State's office has made an affirmative decision to answer telephone requests, the actual answering of these requests is a ministerial act for which there is a duty to exercise reasonable care.[4] Whether reasonable care was in fact exercised by these officials, is a question of fact which must be determined by the trial court upon remand of this case.

It will also be necessary for the trial court to make a similar determination as to the reasonableness of Mobile's actions. Unlike the financial institution in *Salem Bank,* which followed the express statutory procedures for requesting security information, Mobile made its loan based upon a telephone request for information. Whether it acted reasonably in reliance upon this telephone request must likewise be determined by the trial court.

We would further point out that although we have determined this to have been a ministerial function for which Conrad and Chambers, as well as their surety, may be liable, the appellees may nevertheless be sheltered from liability because the act complained of was performed by an assistant or other subordinate employee.[5] This determination obviously also raises factual questions which must be addressed by the trial court.

Our court intimates no evaluation whatsoever as to the merits of Mobile's claims. We emphasis that Mobile must still prove these facts in order to be entitled to recover. We hold only that on the allegations

---

3. Administrative Rules and Regulations [Burns 1976], Rule (26-1-9-408)-10. Telephonic filings and requests.—The Secretary of State and County Recorders are not required to accept filings or honor requests under Article 9 [Burns' Code, 26-1-9-101—26-1-9-507] by telephone. . . .

4. *See Department of Commerce v. Glick* (1978), 175 Ind.App. 449, 372 N.E.2d 479; *Board of Commissioners of Delaware County v. Briggs* (1975), 167 Ind.App. 96, 337 N.E.2d 852.

5. *Salem Bank & Trust Company v. Whitcomb, supra.*

of its Amended Complaint, Mobile was entitled to have them judicially resolved.

The judgment of the trial court dismissing Mobile's complaint is reversed and the case remanded for further proceedings consistent with this opinion.

Hoffman and Staton, J.J. concur

NOTE — Reported at 380 N.E. 2d 100.