IN RE PETITION FOR THE ANNEXATION OF APPROXIMATELY 141.8 ACRES OF LAND IN NORTHAMPTON TOWNSHIP TO THE CITY OF AKRON.

(No. 12072 — Decided October 30, 1985.)

*Patricia C. Ambrose,* assistant director of law, for appellee city of Akron.

*Alfred E. Schrader,* for appellant Ernest Summers.

CASTLE, J. Appellant, Ernest Summers,[1] appeals a judgment of the Summit County Court of Common Pleas approving the annexation of 141.8 acres of land in Northampton Township to the city of Akron. We reverse.

On June 3, 1983, a petition for annexation of 141.8 acres in Northampton

---

[1] The Northampton Township Board of Trustees also opposes annexation, but was never given leave to intervene at the trial court level. We shall therefore treat Summers as the sole appellant.

Township ("Northampton") was filed with the Summit County Council. The 141.8 acres cover three tracts of land owned by Welcome Radio Associates, the city of Akron, and Summers. Summers owns 51.8 acres of the territory in question and is the only one of the three owners who did not sign the petition and who opposes annexation. A hearing was held before the Summit County Council on August 15, 1983. There is testimony that Northampton provided the territory with better fire, police, and emergency medical services than could be provided by Akron. The territory already had access to sewer and water hookups from either Akron or Cuyahoga Falls. After the hearing, the Summit County Council denied the petition for annexation finding among other things that annexation would not serve the general good of the territory to be annexed.

The city of Akron and Welcome Radio Associates appealed this denial to the Summit County Court of Common Pleas alleging that the Summit County Council's denial was illegal, arbitrary, capricious, unreasonable and unsupported by the preponderance of substantial, reliable and probative evidence on the record as a whole. The trial court reversed the county council's denial, finding that annexation would serve the general good of the territory involved and that "* * * the city of Akron *may* be able to provide some services which cannot be provided by the township" (emphasis added).

## Assignment of Error I

"The lower court erred in substituting its own judgment for that of Summit County Council on the issue of the general good of the territory to be annexed contrary to a per curiam decision of the Ninth District Court of Appeals."

In determining whether a petition for annexation should be granted pursuant to R.C. 709.033, the focus is on whether annexation would serve the "* * * general good of the territory sought to be annexed * * *" (R.C. 709.033[E], formerly [D]). *Lariccia* v. *Board of Commrs.* (1974), 38 Ohio St. 2d 99 [67 O.O.2d 97]; *First Akron Development Corp.* v. *Board of Commrs.* (July 28, 1976), Summit App. No. 8101, unreported. The county commissioners here found that because of the superior safety services provided by Northampton Township, annexation would not serve the general good of the territory. The determination of whether annexation would serve the general good is a factual finding within the discretion of the county commissioners, *Lariccia, supra,* and can only be overturned if the trial court finds that its finding is "* * * unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable and probative evidence on the whole record * * *" (R.C. 2506.04). See *Dudukovich* v. *Housing Authority* (1979), 58 Ohio St. 2d 202 [12 O.O.3d 198].

The evidence presented to the county council established that response times for fire, police, and emergency medical services would be greatly increased for the territory if it were annexed to the city of Akron. Evidence also showed that water and sewer services were available regardless of whether the territory was annexed. This evidence is sufficient to support a finding that annexation would not serve the general good of the territory involved. The county council therefore acted within its discretion in denying the petition for annexation, and the trial court erred in ordering that the petition be granted.

## Assignments of Error II and III

"II. The lower court erred in finding that a municipality is an 'owner' for purposes of R.C. 709.02.

"III. The lower court erred in finding that the signature on the annexation

petition of Welcome Radio Associates was proper."

In that our treatment of Summers' first assignment of error is dispositive of the principal question raised by this appeal, we acknowledge the issues raised in his second and third assignments of error but find that they deal with peripheral matters not essential to this appeal which need not be addressed. Accordingly we have "no occasion to pass on" them. See *Dupler* v. *Mansfield Journal* (1980), 64 Ohio St. 2d 116, 125 [18 O.O.3d 354].

### Summary

Appellant's first assignment of error is sustained. Appellant's remaining assignments of error are acknowledged, but not addressed. The judgment of the trial court is reversed and the cause remanded with a mandate that the trial court deny the petition for annexation.

*Judgment reversed*
*and cause remanded.*

PUTMAN, P.J., and TURPIN, J., concur.

CASTLE, J., retired, of the Twelfth Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.

PUTMAN and TURPIN, JJ., of the Fifth Appellate District, sitting by assignment in the Ninth Appellate District.