CITY OF MIDDLETOWN ET AL., APPELLANTS, *v.* MCGEE ET AL., APPELLEES.

[Cite as Middletown *v.* McGee (1988), 39 Ohio St. 3d 284.]

(No. 87-1656—Submitted June 8, 1988—Decided November 9, 1988.)

*Steven M. Runge,* for appellees.

LOCHER, J. The issue presented for review in this appeal is whether appellants have proven, by clear and convincing evidence, that they are entitled to an injunction under R.C. 709.07. For the reasons discussed *infra,* we reverse the judgment of the court of appeals and remand the cause to the trial court for further proceedings consistent with this opinion.

As revealed by the statutes enacted by the General Assembly that are currently in force, it is the policy of the state of Ohio to encourage annexation by municipalities of adjacent territory. Indeed, after an election approving annexation, the laws of this state offer little protection to those who would oppose such annexations. See Comment, Municipal Annexation in Ohio (1981), 14 Akron L. Rev. 661, 666. A petitioner seeking to enjoin a proposed annexation bears the heavy burden of satisfying the requirements of R.C. 709.07(D), which are, in relevant part, as follows:

"The petition for an injunction shall be dismissed unless the court finds the petitioner has shown by clear and convincing evidence that the annexation would adversely affect the legal rights or interests of the petitioner, and that:

"(1) There was error in the proceedings before the board of county commissioners * * *, or that the board's decision was unreasonable or unlawful; or

"(2) There was error in the findings of the board of county commissioners or in the election or certification by the board of elections of the result of the election * * *."

Thus, in order to avoid dismissal of their petition for an injunction, appellants must clearly and convincingly prove that the annexation would adversely affect their legal rights or in-

*Sheldon A. Strand* and *William Rossi,* for appellants.

terests, *and* that either there was prejudicial error in the proceedings or findings of the board, the board's decision was unreasonable or unlawful, or the result of the election was tainted by prejudicial error.

In their first three propositions of law, appellants contend that the proposed annexation will adversely affect their legal rights or interests.[1]

Appellants begin by claiming that a person owning land in territory to be annexed to a municipality is, without more, adversely affected if that person does not desire to have his land annexed. We agree. In enacting the statutes governing annexation, one of the intentions of the legislature was "to give an owner of property freedom of choice as to the governmental subdivision in which he desires his property to be located." *Toledo Trust Co.* v. *Bd. of Commrs.* (1977), 62 Ohio App. 2d 121, 124, 16 O.O. 3d 265, 267, 404 N.E. 2d 764, 766, citing *In re Lariccia* (1973), 40 Ohio App. 2d 250, 69 O.O. 2d 224, 318 N.E. 2d 871. See, also, *Terwilliger* v. *Lester* (1969), 21 Ohio Misc. 18, 50 O.O. 2d 58, 254 N.E. 2d 724.[2] We conclude that appellant Easterly's legal interest in property he owns within the territory to be annexed will be adversely affected since he does not desire to have his property located within the city of Franklin.[3]

Next, appellants maintain that the legal interests of Easterly and the Strassburgers in the value of their properties will be adversely affected by the annexation. They claim that because the annexation will preclude, or make more expensive, any desired public improvements within the annexed territory, the value of their property will depreciate. We decline to adopt appellants' argument because the burden of clear and convincing proof cannot be satisfied by mere conjecture or speculation. See *Watkins* v. *Cain* (Ohio C.P. 1956), 154 N.E. 2d 210, 214. Appellants offered only speculative evidence at trial to prove that the city of Franklin will not make any desired public improvements in the area to be annexed.

Appellants further contend that the city of Middletown's legal rights or interests will be adversely affected by the annexation, because its rights under a contract with Warren County to service and maintain water mains located within a portion of the subject territory will be impaired. We agree, inasmuch as if the annexation were to take place, Middletown would be required by Franklin Codified Ordinances Section 901.04 to pay a $25 fee and obtain a permit to dig every time it became contractually obligated to service or maintain the water mains within the subject territory. This additional expense and inconvenience is sufficient to constitute an adverse effect on Middletown's contractual rights.

Consistent with the foregoing, we

---

[1] Appellees do not dispute that appellants have the requisite standing under R.C. 709.07(A) to seek an injunction preventing the annexation. However, we note that, in any event, a petitioner seeking such an injunction "must meet the requirements of R.C. 709.07(D) regardless of the pleading requirements of R.C. 709.07(A)." *In re Petition for Annexation of 7.5622 Acres* (1985), 29 Ohio App. 3d 130, 29 OBR 146, 504 N.E. 2d 465, at paragraph two of the syllabus.

[2] See Comment, *supra,* 14 Akron L. Rev. at 662-664, for a discussion of the right of a person to choose which governmental subdivision his or her property is to be located in.

[3] Appellant Easterly is the only petitioner owning land within the territory to be annexed.

find that appellants Easterly and the city of Middletown have legal rights or interests that will be adversely affected if the annexation is not enjoined.

In their remaining propositions of law, appellants maintain that the board's decision was unlawful and that there was prejudicial error in the findings of the board.

Appellants first advance the argument that the annexation of a roadway leading away from an annexing municipality for several miles is unlawful because such roadway is not adjacent to or contiguous with the annexing municipality, as required by the Revised Code. The terms "adjacent," "contiguous" and "adjoining" are all used by the Revised Code statutes governing annexation. See R.C. 709.02, 709.13 through 709.16, 709.18, 709.22 through 709.24. These terms are not defined by the Revised Code, but are generally understood to be synonymous in Ohio and in other jurisdictions. See *Watson* v. *Doolittle* (1967), 10 Ohio App. 2d 143, 147, 39 O.O. 2d 267, 270, 226 N.E. 2d 771, 774; Annotation, What Land is Contiguous or Adjacent to Municipality so as to be Subject to Annexation (1973), 49 A.L.R. 3d 589, 598, Section 3[a]. While it is generally agreed that some touching of the municipality and the territory to be annexed is required, the law is unsettled as to what degree of touching is needed to fulfill the contiguity requirement. See Annotation, *supra*, at 600, Section 3[b].

In Ohio, courts have frowned upon the use of connecting strips of land to meet the contiguity requirement when annexing outlying territory not otherwise connected to the annexing municipality. Such annexations are usually referred to as "strip, shoestring, subterfuge, corridor, and gerrymander annexations." *Watson* v. *Doolittle,* *supra,* at 148-149, 39 O.O. 2d at 270, 226 N.E. 2d at 775. See, also, *Stressenger* v. *Bd. of Cty. Commrs.* (1971), 28 Ohio App. 2d 124, 57 O.O. 2d 193, 276 N.E. 2d 265. But, see, *Bd. of Twp. Trustees* v. *Horn* (1981), 2 Ohio App. 3d 170, 2 OBR 186, 441 N.E. 2d 628. In determining whether a proposed annexation satisfies the contiguity requirement, these courts, as well as the courts of other jurisdictions, have noted that the basic concept of a municipality is that of a unified body, and have consistently inquired whether an annexing municipality would conform to this concept if a proposed annexation were to take place. The concept of a municipality as a unified body has been expressed as follows:

" '* * * The legal as well as the popular idea of a town or city in this country, both by name and use, is that of oneness, community, locality, vicinity; a collective body, not several bodies; a collective body of inhabitants—that is, a body of people collected or gathered together in one mass, not separated into distinct masses; and having a community of interest because [they are] residents of the same place, not different places. So, as to territorial extent, the idea of a city is one of unity, not of plurality; of compactness or contiguity, not separate [sic] or segregation. * * *' " *Watson* v. *Doolittle, supra,* at 149, 39 O.O. 2d at 271, 226 N.E. 2d at 775, quoting 19 Ruling Case Law (1917) 734, Section 40. See, also, *Stressenger* v. *Bd. of Cty. Commrs., supra,* at 127, 57 O.O. 2d at 195, 276 N.E. 2d at 267; *Owosso* v. *Owosso* (1971), 385 Mich. 587, 590-591, 189 N.W. 2d 421, 422; *People, ex rel. South Barrington,* v. *Hoffman Estates* (1964), 30 Ill. 2d 385, 387, 198 N.E. 2d 97, 98; *Ridings* v. *Owensboro* (Ky. 1964), 383 S.W. 2d 510, 511; *Mt. Pleasant* v. *Racine* (1964), 24 Wis. 2d 41, 46, 127 N.W. 2d 757, 760; *Potvin* v.

288

*Chubbuck* (1955), 76 Idaho 453, 457-458, 284 P. 2d 414, 416; *Niobrara* v. *Tichy* (1954), 158 Neb. 517, 523-524, 63 N.W. 2d 867, 872; *Clark* v. *Holt* (1951), 218 Ark. 504, 508-509, 237 S.W. 2d 483, 484-485.

With such precedents in mind, we conclude that the proposed annexation by the city of Franklin of that section of the southern territory which extends outward from the city for several miles is unlawful because it violates the basic concept of municipal unity. We therefore hold that the decision of the board to approve the annexation is unlawful because this part of the southern territory is not sufficiently contiguous to the city of Franklin. By contrast, the decision of the board to approve the annexation of the northern territory and that section of the southern territory which runs parallel to the city limits is lawful because these areas, when added to the city of Franklin, will serve to further integrate and expand a single, unified community.

The attempted annexation which we hold unlawful today is but a small example of what could become commonplace in Ohio were we to hold otherwise. Particularly instructive in this regard is the case of *People, ex rel. Adamowski,* v. *Streamwood* (1959), 15 Ill. 2d 595, 155 N.E. 2d 635, wherein the Supreme Court of Illinois held that the attempted annexation by a municipality of seventy-five miles of surrounding roadway failed to satisfy the requirement of contiguity. In doing so, that court stated that a statute requiring contiguity could not, "under any circumstances, permit a municipality by annexation ordinances to grab a whole maze of roadways, circumscribing and choking off unincorporated areas and causing them to be completely surrounded by a maze of roadways annexed to a municipality." *Id.* at 601, 155 N.E. 2d at 638. Such a result would be equally undesirable in Ohio, and we do not intend to encourage it by condoning the similar, if less extreme, annexation attempt at issue herein.

Finally, appellants insist that the board's finding pursuant to R.C. 709.033(E) that the general good of the territory to be annexed will be served by the annexation is erroneous.[4] Whether a proposed annexation will serve the general good of the inhabitants and owners of the territory sought to be annexed is a factual determination within the discretion of the board of county commissioners. See *Lariccia* v. *Bd. of Commrs.* (1974), 38 Ohio St. 2d 99, 101-102, 67 O.O. 2d 97, 99, 310 N.E. 2d 257, 258-259; *In re Petition for Annexation of 141.8 Acres* (1985), 24 Ohio App. 3d 215, 24 OBR 392, 494 N.E. 2d 1165, at paragraph two of the syllabus; *In re Appeal of Fisher* (1983), 13 Ohio App. 3d 359, 13 OBR 441, 469 N.E. 2d 914, at paragraph two of the syllabus; *Toledo Trust Co.* v. *Bd. of Commrs., supra; In re Kucharski* (1977), 56 Ohio App. 2d 121, 10 O.O. 3d 145, 381 N.E. 2d 1131, syllabus. Consequently, a board of county commissioners' decision whether the general good of the area to be annexed will be served may be overturned only if the reviewing court finds it to be "unconstitutional, illegal, arbitrary, capricious, unreasonable or unsupported by the preponderance of substantial, reliable and probative evidence on the whole record." R.C.

---

[4] Appellants also contend that an annexation petition describing two separate territories is illegal under Ohio law. Inasmuch as this issue was not raised at the trial level, and in view of the outcome of this appeal, we decline to address the issue at this time.

2506.04. See *In re Petition for Annexation of 141.8 Acres, supra; Bailey* v. *Bd. of Cty. Commrs.* (Nov. 30, 1984), Warren App. No. CA84-03-022, unreported, at 5. On the basis of the record and arguments of the parties, we hold that the board's finding in this matter is unreasonable with respect to the annexation of that part of the southern territory that does not run parallel to the city limits and which extends outward into Franklin Township for several miles. Nowhere do we find any support for the proposition that the annexation would serve the general good of the inhabitants or owners of this section of the southern territory. Furthermore, the trial court found that it was doubtful that the annexation of this area "would serve any benefit to the City of Franklin or its residents," and noted that the City Manager and Mayor of the city of Franklin had admitted that their "primary motivation for the annexation is to prevent a suspected future attempt by the City of Middletown to expand into Warren County * * *." Hence, we hold that the board erred to the prejudice of appellants in finding that the general good of this section of the southern territory would be served by the annexation.[5]

Accordingly, appellants have clearly and convincingly proven both the requirements for an injunction under R.C. 709.07(D). The judgment of the court of appeals is hereby reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., CACIOPPO, HOLMES and H. BROWN, JJ., concur.

DOUGLAS and WRIGHT, JJ., concur in judgment only.

MARY CACIOPPO, J., of the Ninth Appellate District, sitting for SWEENEY, J.

---

[5] We find, however, that the board's finding that the general good of the inhabitants or owners of the northern territory and that part of the southern territory running parallel to the city limits would be served by the annexation of these areas is not unreasonable. Indeed, appellants raise few, if any, objections to the reasonableness or propriety of annexing these areas.

CITY OF FRANKLIN

BUTLER COUNTY

CITY OF MIDDLETOWN

TOWNE MALL

EXISTING FRANKLIN CORP. LINE
PROPOSED ANNEXATION