OPINION
Appellees, William and Nancy Baker, owned 28.215 acres in Cambridge Township. The property is located in an area developed commercially, near the access ramp to Interstate 70. Appellees have leased a portion of the property to Ameritrust Inn.
Appellees filed a petition seeking to annex the property into the City of Cambridge. The city council of Cambridge adopted a resolution to provide services to the property. Following a hearing, the Guernsey County Board of Commissioners granted the proposed annexation.
On January 21, 1998, appellants, the Cambridge Township Trustees, filed a petition to enjoin the annexation. Following an evidentiary hearing, the Guernsey County Common Pleas Court found that appellants had no legal right or interest in the property, and the commissioners committed no error in granting the annexation.
Appellants filed their notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT IMPROPERLY DISMISSED THE TRUSTEES' PETITION FOR INJUNCTION WHEN THE COMMISSIONERS ERRED IN FINDING PROPERTY CONTIGUOUS TO THE CITY OF CAMBRIDGE THAT TOUCHED THE AREA TO BE ANNEXED AT ONLY A POINT.
 II THE TRIAL COURT ERRED WHEN IT FOUND THE CAMBRIDGE TOWNSHIP TRUSTEES DID NOT HAVE A LEGAL RIGHT OR INTEREST IN THE AREA PROPOSED TO BE ANNEXED.
 I
Appellant claims the trial court erred in finding the decision of the Board of County Commissioners was lawful and supported by reliable and probative evidence. We disagree.
 Whether a proposed annexation will serve the general good of the inhabitants and owners of the territory sought to be annexed is a factual determination within the discretion of the board of county commissioners. See Lariccia v. Bd. of Commrs. (1974), 38 Ohio St.2d 99, 101-102, 67 O.O.2d 97, 99, 310 N.E.2d 257, 258-259; In re Petition for Annexation of 141.8 Acres (1985), 24 Ohio App.3d 215, 24 OBR 392, 494 N.E.2d 1165, at paragraph two of the syllabus; In re Appeal of Fisher
(1983), 13 Ohio App.3d 259, 13 OBR 441, 469 N.E.2d 914, at paragraph two of the syllabus; Toledo Trust Co. v. Bd. of Commrs., supra; In re Kucharski (1977), 56 Ohio App.2d 121, 10 O.O.3d 145, 381 N.E.2d 1131, syllabus.
 City of Middletown v. McGee (1988) 39 Ohio St.3d 284 at 288.
The central issue is whether the trial court's determination that the mere touching of a point of the city to the proposed annexation site is enough to satisfy the requirements of R.C. 709.03.3(E), and the dictates of Middletown v. McGee (1988)39 Ohio St.3d 284.
R.C. 709.03.3(E) allows annexation if the commissioners find:
 (E) The territory included in the annexation petition is not unreasonably large; the map or plat is accurate; and the general good of the territory sought to be annexation petition is granted.
The parcel to be annexed, as depicted in Plaintiff's Exhibit 1, was described as follows:
 Q. Well, was it your understanding that this area just touched at a point?
 A. Yes. that's been the discussion all along, according to the map.
 Q. And was it your understanding that that point touched the City and was adjacent to an L-shaped portion of the City that jutted out a little bit from the City into the Township and is that what your understanding from looking at Plaintiff's Exhibit "1"?
 A. That the City there does jut out into the Township but that makes the point, does touch the City.
The Ohio Supreme Court enunciated in Middletown that the words "adjacent," "contiguous" and "adjoining" are all synonymous. The Supreme Court went on to delineate the tests to be used are when determining if property is contiguous:
 In Ohio, courts have frowned upon the use of connecting strips of land to meet the contiguity requirement when annexing outlying territory not otherwise connected to the annexing municipality. Such annexations are usually referred to as `strip, shoestring, subterfuge, corridor, and gerrymander annexations.' Watson v. Doolittle, supra, at 148-149, 39 O.O.2d at 270, 226 N.E.2d at 775. See, also, Stressenger v. Bd. of Cty. Commrs.
(1971), 28 Ohio App.2d 124, 57 O.O.2d 193, 276 N.E.2d 265. But, see, Bd. of Twp. Trustees v. Horn (1981), 2 Ohio App.3d 170, 2 OBR 186, 441 N.E.2d 628. In determining whether a proposed annexation satisfies the contiguity requirement, these courts, as well as the courts of other jurisdictions, have noted that the basic concept of a municipality is that of a unified body, and have consistently inquired whether an annexing municipality would conform to this concept if a proposed annexation were to take place. The concept of a municipality as a unified body has been expressed as follows: * * *
 "`* * * The legal as well as the popular idea of a town or city in this country, both by name and use, is that of oneness, community, locality, vicinity; a collective body, not several bodies; a collective body of inhabitants — that is, a body of people collected or gathered together in one mass, not separated into distinct masses; and having a community of interest because [they are] residents of the same place, not different places. So, as to territorial extent, the idea of a city is one of unity, not of plurality; of compactness or contiguity, not separate [sic] or segregation. * * *'" Citations omitted. Middletown Id. at 287.
The map discloses that the 28 acre annexation parcel is a triangular parcel that intersects or touches the city at an apex of the triangle (Plaintiff's Exhibit 1). The strip, or "balloon on a string," is already part of the city, and is a driveway to a large acreage of city land where there is a K-Mart. Further, the evidence at the hearing was that the city strip, i.e. driveway, would be enveloped by another parcel being annexed to the city. [The Silvestri annexation]. T. at 68. The K-Mart driveway strip is not being used as an annexation tool like the strip addressed in Middletown. The strip is part of the city and the touch point of the appellee's parcels occurs at the a point in the strip.
The concept of a unified municipal body sub judice is established by the facts. If any annexation should have been questioned, it is the formation of the driveway strip and not the annexation sub judice.
The decision of whether the property is adjacent is to be determined based upon the facts of each annexation. We find that given the unified nature of the annexed parcel, the tract subjudice is sufficient to meet the guidelines enumerated inMiddletown.
Accordingly, we find the trial court's decision is supported by the preponderance of the reliable, probative and substantial evidence.
Assignment of error I is denied.
 II
Appellant claims the trial court erred in finding it not a interested person as defined under R.C. 709.97. The trial court concluded appellant was not a person who has legal rights or whose interests were adversely affected by the annexation. We agree in part and find that appellant was a proper party to initiate the appeal because of a legal right via the Fire Protection Contract. The controlling section for the right to challenge an annexation is R.C. 709.07. In pertinent part R.C. 709.07(A)(1) states:
 (A) Within sixty days from the filing of the papers relating to the annexation with the auditor or clerk as provided by section 709.03.33 of the Revised Code, any person interested, and any other person who appeared in person or by an attorney in the hearing provided for in section 709.031 of the Revised Code, may make application by petition to the court of common pleas praying for an injunction restraining the auditor or clerk from presenting the annexation petition and other papers to the legislative authority. The petition of a person interested shall set forth facts showing:
 (1) How the proposed annexation adversely affects the legal rights or interests of the petitioner;
Appellant argues the annexation not only would create a loss of tax revenue, but would also adversely affect a fire protection contract (Plaintiff's Exhibit 2) entered into between the city and township, which covers the acreage to be annexed.
The trial court concluded that the claim for loss of tax basis was minimal in comparison to the township tax revenue.
 10. The Court finds that the current tax loss for the Bakers' property undeveloped to be $353 as a 1997 evaluation and the revenue of the Township Trustees for that period is approximately $900,000; the surplus carry-over from 1997 to 1998 was $455,208.34 — which compares to a surplus carry-over of approximately $350,000 in 1991. The Court further finds that the current millage for fire protection in Cambridge Township is 2.5 mills with an additional 1.5-mill levy pending on the May 1998 ballot. If passed, the total fire protection millage for Township residents would be 4 mills, as compared to a current 9.2 millage for residents of the City of Cambridge.
This finding is supported by the record. The evidence established that the township had surplus carry-over for 1997 of $455,208.34, and a surplus carry-over of $436,500.98 in 1998. The carry-over had increased from 1991 by approximately $120,000-130,000. T. at 100-101. The tax loss for the annexed parcel would be $353.00 per year, and the township is unable to provide water and sewer to the parcel. T. at 106. The general budget for the township is $890,000. T. at 107.
We concur with our sister court in the Ninth District that loss of anticipated tax revenue is insufficient to establish a legal right or interest. Brunswick v. Medina Bd. of C. Comm.
(April 30, 1986) Medina App. No. 1440, unreported.
The trial court also concluded that appellant did not prove that the proposed annexation adversely affected appellant's interest in the fire protection contract.
 20. The Court finds that the concerns of the Township Trustees that their legal interests are being affected by annexation are laudable; but that is not the standard of Ohio law and the Township Trustees have failed to meet by clear and convincing evidence their burden of proof of showing that the County Commissioners did not exercise their discretion properly in approving the annexation of the Bakers' property to the City of Cambridge.
Although we concur with the trial court's conclusion on the services issue, we nevertheless find that because of a pre-existing legal obligation to pay for services for the property to be annexed, the township was qualified to initiate the appeal under R.C. 709.07(A)(1).
The township clerk testified that the Fire Protection Contract is in effect for three years. However, previous dealings with the city has resulted in a reduction of the amount owed if the land is annexed. T. at 79, 82-83, 89. This evidence is insufficient to establish the appellant's claim of an adverse effect of annexation on the township, as the township will not be required to pay for services for the annexed property.
Therefore we conclude that appellant was a proper party under R.C. 709.07, but in fact failed to establish by clear and convincing evidence that the annexation adversely affects its legal interest in the fire protection contract and in the collection of tax revenue.
Assignment of error II is denied.
The judgment of the Court of Common Pleas of Guernsey County, Ohio is hereby affirmed.
By Farmer, P.J., Hoffman, J. and Wise, J. concur.