On June 30, 1997, Ray R. Michalski, Esq., on behalf of appellants, property owners situated in Bloom Township, Ohio, filed a petition to annex 33.66 acres into the Village of Lithopolis. The territory to be annexed included acreage from the estate of Ralph D. Wilson, deceased, Robert and Joan Frasier, Joseph and Dixie DeLuca, and all of Elder Lane (County Road 27), a public road.[1] Thereafter, appellants decided to exclude all of Elder Lane from the territory to be annexed.
A public hearing before appellee, the Fairfield County Board of Commissioners, was held on December 9, 1997. At this time, the annexation petition was officially amended to exclude all of Elder Lane. Also at the hearing, appellees, Mr. and Mrs. DeLuca, appeared to oppose the annexation.
On March 3, 1998, appellee Board denied the amended petition for annexation. On November 11, 1998, appellants filed an appeal to the Court of Common Pleas of Fairfield County, Ohio. By memorandum of decision filed August 31, 1998, the trial court affirmed appellee Board's decision, finding the territory to be annexed was not adjacent to the Village of Lithopolis and therefore was in violation of the annexation statutes, R.C.709.02, 709.13-709.16, 709.18, and 709.22-709.24.
Appellants filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 THE TRIAL COURT ERRED IN AFFIRMING THE DECISION OF THE BOARD OF COUNTY COMMISSIONERS, FAIRFIELD COUNTY, OHIO, DENYING THE ANNEXATION OF THE APPELLANTS PROPERTY INTO THE VILLAGE OF LITHOPOLIS, ON THE BASIS THAT THE BOUNDARY LINE OF THE TERRITORY TO BE ANNEXED AND THE BOUNDARY LINE OF THE VILLAGE OF LITHOPOLIS WERE NOT ADJACENT, DESPITE THE FACT THAT THE TERRITORY TO BE ANNEXED AND THE VILLAGE OF LITHOPOLIS SHARED A COMMON BOUNDARY LINE, SEPARATED ONLY BY A COUNTY ROAD.
I
Appellants claim the trial court erred in determining the territory to be annexed to the Village of Lithopolis was not adjacent to the village. We disagree.
Appellants argue the territory is in close proximity to the village and shares a common boundary, separated only by Elder Lane.[2] Appellants argue "adjacent" does not mean the territory must actually touch the municipality, but urge the O.Jur.3d (1991), Words and Phrases, A-J, Page 34, interpretation of adjacent as "nearness, and not of immediate proximity." See, Appellants' Brief at 9.
R.C. 709.02 specifically states "[t]he owners of real estate adjacent to a municipal corporation may, at their option, cause such territory to be annexed thereto, in the manner provided by sections 709.03 to 709.11 of the Revised Code." InMiddletown v. McGee (1988), 39 Ohio St.3d 284, 287, the Supreme Court of Ohio elaborated on the meaning of "adjacent" as follows:
 The terms 'adjacent,' 'contiguous' and 'adjoining' are all used by the Revised Code statutes governing annexation. See R.C. 709.02, 709.13 through 709.16, 709.18, 709.22 through 709.24. These terms are not defined by the Revised Code, but are generally understood to be synonymous in Ohio and in other jurisdictions. See Watson v. Doolittle (1967), 10 Ohio App.2d 143, 147, 39 O.O. 2d 267, 270, 226 N.E.2d 771, 774; Annotation, What Land is Contiguous or Adjacent to Municipality so as to be Subject to Annexation (1973), 49 A.L.R. 3d 589, 598, Section 3[a]. While it is generally agreed that some touching of the municipality and the territory to be annexed is required, the law is unsettled as to what degree of touch is needed to fulfill the contiguity requirement. See Annotation, supra, at 600, Section 3[b].
Although the annexation in Middleton failed because the subject territory was connected to the city by only a road thereby creating "strip" or "shoestring" annexation, we still find the dicta statement "that some touching of the municipality and the territory to be annexed is required" to be controlling.
There being "no actual touching" to any degree between the village and the territory sought to be annexed sub judice, we find the trial court and appellee Board were correct in denying the annexation petition.
The sole assignment of error is denied.[3]
The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.
By Farmer, J., Wise, P.J. and Edwards, J. concur.
---------------------------
---------------------------
 --------------------------- JUDGES
[EDITORS' NOTE: DRAWING IS ELECTRONICALLY NON-TRANSFERRABLE.]
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Fairfield County, Ohio is affirmed.
---------------------
---------------------
 --------------------- JUDGES
[1] See plat of the territory submitted by appellants, attached herein as Exhibit A.
[2] Elder Lane (County Road 27) is not within the village limits of Lithopolis. The village line does not touch the territory sought to be annexed.
[3] Not cross-assigned as error is appellees' position that the executors of Mr. Wilson's estate were not the proper parties to sign the annexation petition because under Ohio law, the real estate descended to and vested in the heirs immediately upon death. See, Overtuf v. Dugan (1876), 29 Ohio St. 230. Based upon this law, the proper parties were Mr. Wilson's six heirs. As a result, the petition did not have the requisite number of signatures. We concur with this argument.