OPINION
Plaintiffs the Canton Township Board of Trustees; Fred D. Decker, Larry D. Krebs, and James A. Wilcox, individual township trustees; Sheri L. Griffith, the Canton Township Clerk; Equipment Repair Fab.; and MainCom Realty Ltd., appeal a judgment of the Court of Common Pleas of Stark County, Ohio, which dismissed their petitions to permanently enjoin two annexations of land to the City of Canton, Stark County, Ohio. Originally there were two common pleas cases, but the trial court consolidated them because of common issues. Appellants assign two errors to the trial court:
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NO. 1:
 THE TRIAL COURT ERRED IN FAILING TO PERMIT MAINCOM REALTY, LTD., TO INTERVENE AS A PARTY PLAINTIFF, AS MAINCOM REALTY, LTD., HAS A CLEAR LEGAL RIGHT AND INTEREST AS A LANDOWNER IN THE AREA TO BE ANNEXED TO SATISFY ORC 709.07 REQUIREMENTS.
ASSIGNMENT OF ERROR NO. 2:
 THE TRIAL COURT ERRED IN FINDING THAT CANTON TOWNSHIP DOES NOT HAVE AN INTEREST UNDER REVISED CODE SECTION 709.07 IN EITHER ANNEXATION.
The record indicates the subject property consists of two parcels of land, one containing approximately 389.52 acres of Canton Township, Ohio, commonly known as the Republic Steel Annexation, and another parcel of land containing approximately 67 acres of Canton Township, commonly known as the National Iron Annexation. The Canton Township Board of Trustees oppose the annexations, as do Equipment Repair Fab and Maincom Realty Ltd., who have property interests in the National Iron Annexation. Equipment Repair Fab was a party to the original complaint for injunction, but Maincom Realty moved the court to permit it to intervene as a party plaintiff in the case. The trial court overruled Maincom Realty's motion to intervene on November 9, 2000.
Also on November 9, 2000, the trial court entered a judgment finding Canton Township had entered into an enterprise zone agreement with Republic Steel, but held this did not constitute a sufficient legal right or interest pursuant to R.C. 709.07. The trial court found the enterprise zone agreement did not provide for any right of recoupment, or any remedy to the township in the event any of the subject property was later annexed into a municipality. The township had represented its tax base would be adversely affected by the annexation, but the trial court found this may also occur at the end of the ten year tax abatement period, and this consequence would be the same with regard to any real estate Canton Township lost in an annexation proceeding.
The trial court found none of the petitioners had a legal right or interest under R.C. 709.07. The trial court did not reach the merits of the annexation, which was presented as whether the annexations were unreasonably large.
 I
In their first assignment of error, appellants argue the trial court should have permitted Maincom Realty Ltd., to intervene as a party plaintiff pursuant to R.C. 709.07.
R.C. 709.07 states in pertinent part:
 (A) Within sixty days from the filing of the papers relating to the annexation with the auditor or clerk as provided by section 709.033 of the Revised Code, any person interested, and any other person who appeared in person or by an attorney in the hearing provided for in section 709.031 of the Revised Code, may make application by petition to the court of common pleas praying for an injunction restraining the auditor or clerk from presenting the annexation petition and other papers to the legislative authority. The petition of a person interested shall set forth facts showing:
 (1) How the proposed annexation adversely affects the legal rights or interests of the petitioner;
 (2) The nature of the error in the proceedings before the board of county commissioners pursuant to section 709.032 or 709.033 of the Revised Code, or how the findings or order of the board is unreasonable or unlawful.
As appellees point out, it is undisputed that Maincom did not file a petition for injunction within 60 days of filing of the papers with the City of Canton Clerk. Maincom did not appear at the hearing before the Board of County Commissioners, which was held on May 10, 2000. The trial court held a hearing on October 20, 2000 to determine whether the annexations aversely affected the named plaintiffs' legal rights and interests. Maincom Realty Ltd. was present and its president testified. It was not until October 25, 2000, that Maincom Realty Ltd. filed its motion to intervene.
R.C 709.07 clearly gives Maincom Realty Ltd. 60 days in which to file a petition for injunction. Maincom Realty Ltd. did not file within 60 days, and in fact waited until after the hearing on the petition for injunction to file its motion to intervene. Maincom Realty Ltd. does not offer any explanation for this. We find the trial court did not err in finding Maincom Realty Ltd. did not move to intervene in a timely fashion.
The first assignment of error is overruled.
 II
In their second assignment of error, appellants urge the trial court was incorrect in finding Canton Township does not have sufficient interest under R.C. 709.07 to oppose the annexation. The township asserts a legal right or interest because it would lose tax money and control of the subject property.
There are several flaws in this assignment of error. First, appellants did not file a transcript of the proceedings before the trial court, consisting of the two evidentiary hearings held on October 20, and October 25, 2000. On January 5, 2001, appellee filed a motion to dismiss the appeal for failure to prosecute, pursuant to Loc. App. R. 5. In response, appellants filed a praecipe for transcript on January 8, 2000, some 57 days after filing their notice of appeal. App. R. 9 (A) requires the praecipe be filed with the notice of appeal. Thereafter, an appellant has 40 days after the notice of appeal to transmit the record to the clerk of the court of appeals, see App. R. 10. Appellants' motion to supplement the record with the transcript was overruled. Failure to provide this court with a complete record of proceedings is a procedural error which can be fatal to an appellants' case. However, there are other problems with this second assignment of error, as well
Appellants secured a stay on the National Iron annexation on November 13, 2000. However, appellants failed to secure a stay on the Republic Steel annexation at that time, and only filed their motion for a stay on April 5, 2001. In the meantime, on November 13, 2000, the Canton City Council approved the annexation and accepted the Republic Steel annexation into the city. Thus, appellee is correct when it points out the Republic Steel portion of this action has been rendered moot.
Finally, we find appellants cannot prevail on the merits of the second assignment of error. In Middleton v. McGee (1988), 39 Ohio St.3d 284, the Supreme Court found it was the State's policy to encourage annexation of the adjacent territory by municipalities. R.C.709.07 is the only means by which a township may oppose the annexation. Pursuant to statute, the township must show a legal right or interest which is adversely affected, and also the Board's decision was erroneous, unreasonable, or unlawful.
In Washington Township Board of Trustees v. McLaughlin (1997),117 Ohio App.3d 570, the Court of Appeals for Montgomery County found loss of tax revenue is inevitably caused by every annexation. If the legislature intended to allow injunctions in situations which are common to all annexations, it would not have included the requirement of showing an adverse effect on a legal interest in the statutory scheme. The Second District found a loss of tax base, zoning ability, or tax revenue does not constitute an adverse effect on legal rights or interest for the purpose of satisfying the requirement of R.C. 709.07 (D).McClintock at 576, 577.
Additionally, the trial court properly found there was already in place a tax abatement agreement between the appellants and Republic Steel which provided for a 75% tax abatement for a ten year period. The court found appellants had already agreed to a loss of the tax base for ten years, and the agreement did not provide for any remedy to the township if the recipients of the abatement, for example, closed their plant or were annexed into a municipality.
For all the reasons stated above, we find the second assignment of error has no merit, and it is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellants.
 ______________________________ By Gwin, P.J.
Hoffman, J., and Farmer, J., concur.