JOURNAL ENTRY AND OPINION
Plaintiffs-appellants the Olmsted Township Board of Trustees, Karen Straka and David Hollow appeal from the decision of the Cuyahoga County Court of Common Pleas, case number 348172, permitting the annexation of a portion of its territory to the defendant-appellee the City of Berea.[1]
The question of annexation by Berea of property in Olmsted Township has been reviewed by this court on several prior occasions; however, Olmsted Township Bd. of Trustees v. Berea (July 22, 1999), Cuyahoga App. No. 74140, unreported, is the antecedent to the matter at hand.
In Olmsted Township, supra, the following facts were set forth:
 This action is one of a series of annexation attempts by the City of Berea concerning land located in Olmsted Township. On May 2, 1997, Steven G. Rados, defendant-appellee, the statutorily designated agent for six owners of sixty-seven acres of land currently located in Olmsted Township, filed a unanimous petition for annexation with the Cuyahoga County Board of Commissioners seeking to annex the subject territory to the City of Berea. The signers of the petition included Steven G. Rados, Kenneth Rados, George Rados, Mary Rados, Karen Eastman and the Berea Board of Education. All of the individuals who signed the petition, with the exception of the Berea Board of Education, which owns property in Olmsted Township, are Rados family members.
 The subject territory is bounded on the north by Nobottom Road, to the west by Lewis Road and the six parcels of land subject to annexation located along Lewis Road, to the south by a parcel owned by Norman and Michele Rados and a parcel owned by David Hollo, plaintiff-appellant, and his brother Joseph Hollo. The territory borders the City of Berea for approximately 560 feet. The total perimeter of the territory is approximately 9,500 feet.
 On August 19, 1997, the Board of County Commissioners for Cuyahoga County conducted a public hearing on the petition as required by R.C. 709.031 and R.C. 709.032. At the hearing, the Board accepted both affidavit and personal testimony from individuals both for and against the annexation petition. The City of Berea submitted affidavit testimony from the mayor, the police chief, the assistant fire chief, the finance director, the safety/service director, the head of economic development and the recreation and human services director. The affiants maintained that the City of Berea was fully equipped to provide municipal services to the proposed annexation territory. The mayor of Berea and Steven Rados testified under oath on behalf of the City of Berea. The mayor reiterated Berea's ability to provide services to the subject territory. Mr. Rados stated that he believed Berea was better equipped to provide water and sewer to the territory and possessed more foresight as to the future of the property. The commissioners refused to allow counsel for Olmsted Township to cross-examine Mr. Rados during the hearing.
 Olmsted Township maintained that the territory in question was not sufficiently contiguous to the City of Berea to satisfy the requirements of R.C. 709.02 and, therefore, would fail to promote the concept of municipal unity. Olmsted Township argued further that the services provided by the township were equal with or superior to those provided by the City of Berea and, therefore, the proposed annexation would not improve those services or the quality of life for the residents in the annexation territory. Karen Stralka, an Olmsted Township trustee, testified under oath on behalf of Olmsted Township.
 On November 12, 1997, the commissioners unanimously resolved to approve the petition for annexation finding that the petition had satisfied each requirement of R.C. 709.033. Subsequently, on January 30, 1998, Olmsted Township filed the instant action in the Cuyahoga County Court of Common Pleas pursuant to R.C. 709.07 seeking to permanently enjoin the City of Berea from passing legislation accepting the annexation petition. The trial court issued a temporary restraining order preventing the City of Berea from accepting the petition. This order was extended so that the trial court could conduct a hearing on the merits of Olmsted Township's complaint.
 On March 3, 1998, the trial court conducted a hearing pursuant to R.C. 709.07(C). Prior to the commencement of the hearing, the trial court indicated that the motion in limine filed by the City of Berea would be granted in part and denied in part. The trial court stated as follows:
 There's been an issue raised here with respect to the cross-examination rights of the plaintiff with regard to certain testimony that was taken before the board of commissioners.
 And the court finds at this juncture that the court is precluded from receiving evidence on two issues, those are the discretionary matters that were exercised by the county commissioners. And that's with regard to whether the general good of a territory sought to be annexed would be served if the annexation petition were granted. And whether the territory is unreasonably large. So the court will not permit cross-examination with respect to those two issues.
 The court will permit other relevant cross-examination as the situation arises. And you're, of course, free to object as we go along, Mr. Sponseller, if you feel he's outside the scope.
(T. 3-4.)
 The hearing then commenced during which Olmsted Township called the following witnesses: William S. Freeh, Jr.; David Hollo; Karen Stralka; and Steven Rados. Mr. Freeh and Mr. Hollo, both Olmsted Township residents who own property adjoining the proposed annexation territory, testified that the proposed annexation would negatively impact the value of their respective properties and irreparably harm the character of the community.(fn1) Ms. Stralka's testimony centered upon the effect that the proposed annexation would have on Olmsted Township's ability to complete a master land-use plan, that had been funded by a community development block grant, in a timely manner and the ability of Olmsted Township to obtain similar community development block grants in the future.
 Olmsted Township then called Steven Rados as its fourth and final witness. Counsel for Olmsted Township attempted to question Mr. Rados regarding his intentions for his property should the annexation be adopted and whether Mr. Rados had ever had his property appraised in order to determine its fair market value. The trial court sustained the City of Berea's objections to this line of questioning stating:
 Counsel, you're only going to be able to ask him about the issue of whether it's contiguous sufficiently or questions involving notice, procedural issues about the hearing, that's all that I'm going to permit you to ask him on cross.
(T. 76.)
 At the conclusion of the hearing, counsel for Olmsted Township made a proffer for the record which consisted of Mr. Rados, proposed testimony as if upon cross-examination. Counsel for Olmsted Township maintained that Mr. Rados intends to sell his property once the annexation is complete; Mr. Rados did not care what happened to the property once he sold; Mr. Rados did not care how the property was zoned after the sale; Mr.
 Rados merely intends to sell the property to the highest bidder; Mr. Rados has no written commitment from the City of Berea regarding the extension of sewer and water into the territory; Mr. Rados was unaware of development plans under consideration by Olmsted Township; and Mr. Rados has no consideration as to the effect of annexation of the subject territory on his immediate neighbors or Olmsted Township in general. (T. 78-81.)
 On March 9, 1998, the trial court issued the following judgment entry which provided in pertinent part:
 The court finds that the plaintiff Olmsted Township has failed to show by clear and convincing evidence an adverse effect upon the legal rights of the plaintiff. The motion for permanent injunction is overruled.
 On March 16, 1998, Olmsted Township filed a timely notice of appeal from the judgment of the trial court.
 This court subsequently issued a temporary injunction preventing the City of Berea from adopting the annexation petition pending the final outcome of the case on appeal.
Upon review, this court determined that the trial court erred in failing to permit the appellants to cross-examine Mr. Rados. The parties agreed to file the deposition of Mr. Rados in lieu of direct testimony. This testimony is substantially the same as the proffered testimony. Mr. Rados stated that although he and his family still own the land in question, he has moved to Florida because of his wife's health concerns. It is his intent to sell the land and he wishes the annexation in order to obtain the highest price for the property. Mr. Rados testified that the water and sewer service were promised by the township in 1995 and to date they have not been delivered. The sewer and water lines in Berea are approximately 100 feet off of his property line, similar lines for the township are a mile away. Mr. Rados was assured by the head of the service department for Berea that the Berea lines were capable of servicing his property. Connecting to the lines in the township is not physically impossible, but is financially impossible.
Rados deposed that at the moment, as a part of the township, his property is worth $15,000 an acre. If he sold the land to a developer and the developer were successful in annexing the land to Berea, the land would then be worth $50,000 an acre after the improvements. In Mr. Rados' deposition he stated:
 This court battle for this annexation that should have been clear-cut. We are the property owners; we are the ones that petitioned to go into Berea; and yet the township has fought us tooth and nail to hold on to that property into the township, yet not even getting water or sewer to us, so it's not even marketable.
(T. 59).
Upon remand, and after considering the deposition testimony of Mr. Rados, the trial court once again denied the appellants' complaint for an injunction against the annexation of the property to Berea.
The appellants assert only one assignment of error:
 THE TRIAL COURT ERRED BY CONCLUDING THAT ANNEXATION OF THE TERRITORY INVOLVED IN THE PETITION WOULD NOT ADVERSELY AFFECT APPELLANTS' LEGAL RIGHTS AND/OR INTERESTS.
The appellants assert that their legal rights would be adversely impacted by the annexation. The appellants support this assertion with the testimony of township trustee Karen Straka that the township is close to finishing the development of a master land use plan. A community block grant was used to develop the plan, but the annexation has compromised the township's ability to implement the plan within its budget. The annexation would cause a setback of the plan and a revision would be required. Ms. Straka stated that these revisions in the land use plan would negatively impact on the township's ability to obtain future community development block grants. The township also asserts that should the annexation occur, and the Rados family sells their land, the land would then be changed from farmland to a higher density residential or even commercial property. This change, it is argued, impacts the legal rights of the township.
The appellants also assert that the trial court failed to consider under R.C. 709.07(D)(1)(2) whether or not there was error in the proceedings before the board of county commissioners; or whether the commissioners' decision was unreasonable or unlawful; or whether there was error in the findings of the board. The appellants argue that the territory is not sufficiently contiguous with Berea; the annexation of the territory could lead to confusion over public services to be provided to the territory; the annexation does not serve the general good of the territory to be annexed; and that the territory was gerrymandered to achieve annexation.
Pursuant to R.C. 709.07 an application may be made to the common pleas court praying for an injunction restraining the presentation of the annexation petition to the legislative authority. The court of common pleas must hold a hearing and may hear evidence. In this case, the trial court fulfilled its obligation under the statute. The appellants assert that the trial court should have granted its petition for this injunction pursuant to R.C. 709.07(D) which states:
 (D) The petition for injunction shall be dismissed unless the court finds the petitioner has shown by clear and convincing evidence that the annexation would adversely affect the legal rights or interests of the petitioner, and that:
 (1) There was error in the proceedings before the board of county commissioners pursuant to section 709.032 [709.03.2] or 709.033 [709.03.3] of the Revised Code, or that the board's decision was unreasonable or unlawful; or
 (2) There was error in the findings of the board of county commissioners.
Upon review, this court must determine whether or not the appellants have met their burden under R.C. 709.07(D) by clear and convincing evidence. To begin the analysis, we turn first to Smith v. Granville Township Bd. of Trustees (1998), 81 Ohio St.3d 608, where the court cited to Middletown v. McGee (1988), 39 Ohio St.3d 284, 285. In Middletown it was held that given, the statutes enacted by the General Assembly that are currently in force, it is the policy of the state of Ohio to encourage annexation by municipalities of adjacent territory. Smith also cited to Middletown for the proposition that the choice of the property owner in annexing is a key consideration. In Middletown, the court specifically stated that one of the intentions of the legislature was to give an owner of property freedom of choice as to the governmental subdivision in which he desires his property to be located. See, also, In re Annexation of 118.7 Acres in Miami Twp. v. Canton (1990),52 Ohio St.3d 124. Thus, it is apparent that the spirit and purpose of the annexation laws of Ohio are to encourage annexation to municipalities and to give weight to the requests of property owners relative to the governmental subdivision in which they desire their property to be located. Smith at 244, citing to Middletown.
Additionally, in Middletown the Ohio Supreme Court held that the burden of clear and convincing proof cannot be satisfied by mere conjecture or speculation. Thus, the impact on the value of the property is not a consideration. Id.
In the matter now before this court, the appellants were required to meet the threshold test of R.C. 709.07(D) and show, by showing clear and convincing evidence, that the annexation would adversely affect their legal rights.[2] The appellants assert that the annexation adversely affects their legal rights because the township is near the end of a lengthy process to develop and implement a new master land use plan for the entire township and because the ability to secure future grant money would be impacted. As to the development of the land use plan, this court cannot find that a proposed plan, one which is not yet complete, rises to the level of clear and convincing evidence of an adverse impact. Additionally the argument regarding any potential future block grants is purely speculative.
The appellants also set forth various arguments such as the loss of tax revenue, impact of development on the surrounding territory and on zoning, and negative impact on the appellants' ability to obtain funding for a water line from the state. In Smith, supra, the court held that tax issues and school issues may not be considered as factors in determining the general good of the territory. In Washington Twp. Bd. of Trustees v. McLaughlin (1997), 117 Ohio App.3d 570, the court found that loss of tax base, tax revenue and loss of zoning ability would occur in any annexation situation and the court refused to adopt the position that such loss was an adverse legal effect for purposes of satisfying R.C.709.07. Ergo, this court finds that the appellants' arguments regarding tax revenue, tax base, and zoning may not be considered when assessing the general good of the territory.
Finally, this court finds that because the appellants have not satisfied, by clear and convincing evidence, that the annexation would adversely affect their legal rights or interests, no consideration need be given to subsections R.C. 709.07(D)(1) and (2). R.C. 1.02(F) states that and may be read or if the sense requires it. In the matter at hand, the word and should be read in the conjunctive. The legislature clearly placed the disjunctive article or between the subsections of R.C.709.07(D)(1) and (2). It may thus be concluded that in using the conjunctive between the first paragraph and the subsections, the legislature intended that the test in the initial paragraph should be considered first. If that test is met, either of the tests in the subsections must also be met in order to dismiss the petition for injunction. Since the test in the first paragraph has not been met, the trial court did not err in failing to consider the subsections.
The appellants' assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
TIMOTHY E. McMONAGLE, P.J., CONCURS; KENNETH A. ROCCO, J., DISSENTS WITH DISSENTING OPINION ATTACHED.
[1] The defendants-appellees are the City of Berea; Kathleen Russell Olmeda, clerk of the Berea city council; Dana Kavander, finance director for Berea; and Steven Rados, one of the landowners in the territory to be annexed. This group will collectively be referred to as the appellee.
[2] It must be noted that under Middletown v. McGee a landowner who objects to the annexation has, without more, shown that his interest will be adversely affected. Such is not the case here. Each of the landowners in the territory to be annexed favors the annexation.