DECISION AND JUDGMENT ENTRY
This is an administrative appeal brought pursuant to R.C. Chapter 2506. Appellant, A.E.R. Limited Partnership ("AER"), appeals the denial of its petition for the annexation of about 32.8 acres of undeveloped property located in Lyme Township, Huron County, Ohio to the municipality of Bellevue, Ohio. AER is the sole owner of the property.
AER submitted its petition for annexation, pursuant to R.C. 709.02, to the Board of County Commissioners of Huron County, Ohio ("Board"). After a public hearing, the Board adopted a resolution denying AER's annexation petition. Resolution 01-116 reads, in relevant part:
 "Pursuant to Ohio Revised Code Section 709.033(E), the Board finds that the territory included in the annexation petition is unreasonably large in that the board finds, [sic] that the basic concept of municipality is as that of a unified body is not promoted by annexing the proposed territory; that the amount of the adjacency between the territory to be annexed and the current municipal boundaries is insufficient to fulfill the contiguity requirement; and that the shape of the proposed territory is a bulbous extension with minimal/insufficient road frontage where the great majority of the surrounding and adjacent properties, all with road frontage, are not part of the proposed territory, and not within the municipal limits so as to cause the geographic character, size, shape of the territory to be annexed to be irregular, peninsular and illogical for the promotion of a unified body."
AER filed, pursuant to R.C. Chapter 2506, a timely appeal of the Board's decision to the Huron County Court of Common Pleas. The appeal named the Board as appellee.
The Board filed a motion to dismiss the appeal, asserting that it was not a proper party to the court action because it was the quasi-judicial, decision-making body in the annexation proceeding. AER filed a memorandum in opposition to the motion to dismiss. Shortly thereafter, the Board of Trustees of Lyme Township ("Trustees") filed a motion to intervene in the appeal as appellee. The trial court granted the motion to dismiss the Board as a party to the appeal. It also granted the Trustees' motion to intervene. Lyme Township, as an interested party, participated in the proceedings before the Board.
After consideration of the administrative record and the parties' briefs, the common pleas court affirmed the Board's denial of AER's petition for annexation. The court held that the Board's determination that the proposed area of annexation was unreasonably large was supported by a preponderance of substantial, reliable, and probative evidence.
AER appeals that judgment and asserts the following assignments of error:
 " 1. The Trial Court ERRED by ruling that the Huron County Board of Commissioners is not a proper party to this administrative appeal of that Board's denial of Appellant's Annexation Petition.
 "2. The Trial Court erred, as a matter of law, and ruled contrary to the weight of the evidence, abused its discretion, by affirming the Decision of Huron County, Ohio denying Appellant's Petition for Annexation, which administrative Decision is not supported by a preponderance of reliable, substantial, and probative evidence.
 "3. The Trial Court's decision is erroneous and contrary to the weight of the evidence because Appellant's Petition for annexation was supported by a preponderance of reliable [sic] substantial, and probative evidence in the record."
In its first assignment of error, AER contends that the common pleas court committed reversible error in dismissing the Board as a party to its R.C. Chapter 2506 appeal. AER argues that if this court would reverse the judgment of the common pleas court and the Board was not a party, we would lack the authority to direct the Board to grant the petition for annexation.
Initially, we note, without deciding the issue, that three other appellate courts have determined that Boards of County Commissioners cannot be parties to appeals of their own decisions in annexation proceedings. Tiffin Properties Ltd. v. Seneca County Comm. (Oct. 20, 1992), Seneca App. No. 13-92-6, unreported; In re Annexation of 369.781Acres of Land (Aug. 5, 1991), Stark App. No. CA-8446, unreported; In reAnderson (Apr. 18, 1985): Montgomery App. No. CA 8998, unreported. Of greater importance, however, is the fact that, under the circumstances of this case, we conclude that even if it was error to dismiss the Board as a party to the appeal to the trial court, said error was harmless error.
Error must be prejudicial to warrant a reversal of a judgment based upon that error. Smith v. Flesher (1967), 12 Ohio St.2d 107, syllabus. Where the asserted error is not prejudicial, it is merely harmless and does not constitute a basis for reversal. Civ.R. 61.
R.C. 2506.01 provides that "[e]very final order, adjudication, or decision of any * * *, board, * * * may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located. R.C. 2506.04 permits further appeal of the judgment of the common pleas court to this court under the Rules of Appellate Procedure and R.C. 2505.
R.C. 2505.01(A)(1) defines an "appeal" as "all proceedings in which a court tries or retries a cause determined by another court or by * * * [a] board, * * *." Article IV, Section 3(B)(2), Ohio Constitution, and App.R. 12 provide this court with the authority to, in the appeal of a final order, affirm, modify, or reverse final orders or actions of administrative officers or agencies. Consequently, the Board does not have to be a party to this action in order for this court to direct it to grant AER's petition. Therefore, error, if any, on the part of the common pleas court in dismissing the Board as a party to AER's appeal was harmless because the dismissal does not affect AER's statutory right to appeal or our power to grant the relief requested. Accordingly, AER's first assignment of error is found not well-taken.
The standards applicable to AER's second and third assignments of error are as follows.
R.C. 709.02 provides that owners of real estate adjacent to a municipal corporation may apply for annexation of their property by filing a petition with the board of county commissioners of the county in which the property is located. Not less than sixty days after a petition for annexation is filed with the board, the board must hold a public hearing. R.C. 709.031 and 709.032.
Following the hearing, the commissioners must approve or deny the petition based upon factors contained in R.C. 709.033. Pursuant to R.C. Chapter 2506, the order denying or affirming a petition to annex may be appealed to the common pleas court in the county in which the principal office of the political subdivision, in this case, the Board, is located. _Smith v. Granville Twp. Bd. of Trustees (1998),81 Ohio St.3d 608, 612. A common pleas court reviews an administrative order under the standard set forth in R.C. 2506.04, which requires the court to determine whether "the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." In reviewing the agency's order, the common pleas court must weigh the evidence in the record. Id.
"The court of common pleas' decision may then be appealed to an appellate court `on questions of law as provided in the Rules of Appellate Procedure.'" Id. at 613. The standard of review to be applied by the court of appeals in an R.C. 2506.04 appeal is more limited in scope.Id. We are required to affirm the common pleas court unless we can determine, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative, and substantial evidence. Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34.
Appellant's second and third assignments of error are interrelated and will, therefore, be considered together. The essence of these assignments is that the common pleas court's conclusion that the annexation must be denied because (1) AER's property is unreasonably large; and (2) the property's "shape, location, and lack of contiguity with the city * * * `violates the basic concept of municipal unity'" is not, as a matter of law, supported by a preponderance of reliable, probative, and substantial evidence supporting annexation. We agree.
We start with the proposition that annexation is to be encouraged.Smith v. Granville Twp. Bd. of Trustees, 81 Ohio St.3d at 613. Further, the spirit and purpose of annexation law is to give weight to the requests of property owners as to the governmental subdivision in which they wish their property to be located. Id. Thus, it is proper to give deference to the desires of a sole property owner on a petition to annex. Id. This said, we turn to the principles of law applicable to the issues raised by AER.
R.C. 709.033(E) provides that, after a hearing on a petition to annex, a board of county commissioners shall enter an order allowing the annexation if it finds that the property included in the annexation petition is not unreasonably large, the map or plat is accurate and the general good of the property sought to be annexed will be served if the annexation petition is granted. There is no dispute as to the fact that AER satisfied the second and third prongs of this test. The trial court denied the petition based, in part, on the fact that it agreed with the Board in determining that the annexation property was "unreasonably large."
In determining whether a particular parcel is unreasonably large, size alone, is not dispositive. Instead, the Board can consider one or more of at least three factors that may be relevant to the determination. Inre Annexation of 1544.61 Acres in Northampton Twp. (1984),14 Ohio App.3d 231, 233. These factors are: (1) the geographic character, shape, and size of the territory to be annexed in relation to the territory to which it will be annexed and in relation to the territory remaining after the annexation is completed; (2) the ability of the annexing city to provide the necessary services to the added territory; (3) the effect on remaining township territory if annexation is permitted, including whether annexation would render the township incapable of supporting itself by depletion of its tax base. Id. See, also, In re Annexation of 343.2255 Acres from Symmes Twp. (1995),106 Ohio App.3d 512, 518-19.
The property to be annexed in this case consists of approximately 32.8 acres of undeveloped land and comprises less than one-half of one percent of the property in Lyme Township. AER is the sole owner of that property. The property has a perimeter of slightly over seven thousand feet, of which two hundred ninety-nine feet is contiguous with the city of Bellevue. The property can be accessed from State Route 113 and Prairie Road, both of which are in Lyme Township. AER introduced a resolution from the city of Bellevue that indicated that the city would provide all necessary (fire, police, water, and sewer) services if the property was annexed. AER's expert, a city planner, testified that as far as the city of Bellevue is concerned, "it's a natural annexation," meaning the AER property is a natural fit in terms of future business development of the city. The expert further testified that any economic impact on Lyme Township resulting from annexation would be "insignificant." Based on these factors, we must conclude that the court's findings as they relate to the issue of whether the proposed annexation is unreasonably large are not, as a matter of law, supported by a preponderance of reliable, probative, and substantial evidence.
Nevertheless, the court also found that the disputed property lacked contiguity because it shared a boundary with the city of Bellevue for only two hundred ninety-nine feet thereby creating a peninsula shaped piece of property that would be surrounded by the township.
Pursuant to R.C. 709.02, only property that is contiguous, adjacent or adjoining to a municipality may be annexed. Although some touching is necessary, "the law is unsettled as to what degree of touching is required." Middletown v. McGee (1988), 39 Ohio St.3d 284, 287. Generally, Ohio courts disapprove of the use of connecting strips of land to meet the contiguity requirement for lands otherwise not adjacent to the municipality. Id. These so-called "strip, shoestring, subterfuge, corridor, and gerrymander annexations" are not permitted. Id. In determining whether a proposed annexation satisfies the contiguity requirement, the basic concept of a municipality is that of a unified body, that is, of oneness, not separate places. Id.
In the present case, there is no strip, shoestring or corridor connecting Bellevue to AER's property. While the annexation property may be surrounded on three sides by township property creating a peninsula-like shape, that property and the municipality are actually adjacent. Other courts have found contiguity in similar situations. See, e.g., In Re: Petition to Annex 101.763 Acres of Deerfield Twp. Land
(June 26, 2000), Warren App. No. CA99-11-129, unreported (one hundred one acre piece of property with only three hundred sixty-six feet contiguous with municipality); Burris v. Baker (Nov. 18, 1998), Guernsey App. No. 98-CA-05, unreported (triangular twenty-eight acre piece of property touched municipality only at the apex); and 75.14 Acres of Land v. Bd. ofTrustees (Sept. 16, 1996), Clermont App. No. CA96-02-013, unreported (seventy-five acre piece of property with only three hundred sixty-one feet contiguous with municipality). Accordingly, we find that, as a matter of law, the determination that the annexation property lacked contiguity and violated the basic concept of municipal unity is not supported by a preponderance of reliable, probative. and substantial evidence. AER's second and third assignments of error are found well-taken.
The judgment of the Huron County Court of Common Pleas is affirmed, in part, and reversed, in part. Pursuant to App.R. 12(B) we hereby grant the petition of A.E.R. Limited Partnership to annex its property to the city of Bellevue. Appellee, Lyme Township, is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED IN PART AND REVERSED IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Richard W. Knepper, J., Mark L. Pietrykowski, P.J., JUDGES CONCUR.