OPINION
In this accelerated calendar appeal, appellant, Mark Moore, appeals from a final judgment of the Lake County Court of Common Pleas affirming a decision of appellee, the Lake County Board of Commissioners ("the board"), that denied appellant's annexation request. For the reasons that follow, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Appellant owns 17.275 acres of undeveloped land in Painseville Township, Lake County. As part of his efforts to build a multi-family residential development on the property, appellant filed a petition pursuant to R.C. 709.02 with the board to annex the land to the city of Painesville ("the city"). The board conducted a public hearing on October 14, 1997, during which evidence was presented and testimony offered from adjacent property owners and township and city officials. By a resolution dated January 6, 1998, the board denied appellant's annexation petition without explanation.
Appellant subsequently appealed the board's decision to the Lake County Court of Common Pleas. On October 13, 1998, the common pleas court affirmed the board's denial of the proposed annexation. In doing so, the court found that appellant had failed to show that the board's decision "was unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record."
From this judgment, appellant filed a timely notice of appeal with this court. He now argues under his sole assignment of error that the common pleas court erred in finding that the board's decision denying the annexation petition was supported by a preponderance of reliable, probative, and substantial evidence.
When reviewing the decision of an administrative agency, the common pleas court considers the "`whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." Henley v. Youngstown Bd.of Zoning Appeals, 90 Ohio St.3d 142, 147, 2000-Ohio-493. In undertaking this review, the common pleas court, acting as an appellate court, must give due deference to the administrative agency's determination of evidentiary conflicts, and may not substitute its judgment for the agency's. Battaglia v. Newbury Twp. Bd. of Zoning Appeals (Dec. 8, 2000), 11th Dist. No. 99-G-2256, 2000 WL 1804344, at 3.
The standard of review applied by this court in an appeal brought pursuant to R.C. Chapter 2506 is even more limited in scope. "A court of appeals must affirm the decision of the common pleas court unless it finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of substantial, reliable, and probative evidence." Battaglia at 3. In other words, although R.C. 2506.04 gives the common pleas court the authority to weigh the relevant evidence, the statute grants a court of appeals the limited power to review the judgment of the common pleas court strictly on questions of law.Battaglia at 3. "The fact that the court of appeals [might reach] a different conclusion than the administrative agency is immaterial."Henley at 147.
R.C. 709.033 governs the annexation of property to municipal corporations. It provides that a board of county commissioners must grant an annexation petition if it finds that, among other things, "the annexation will be for the `general good of the territory sought to be annexed.'" Smith v. Granville Twp. Bd. of Trustees, 81 Ohio St.3d 608,1998-Ohio-340, paragraph one of the syllabus. "Accordingly, R.C. 709.033
limits the discretion to be exercised by county commissioners in annexation proceedings and grants the commissioners the discretion to make only those factual determinations specifically called for in the statute." Brahm v. Beavercreek Twp. Bd. of Trustees (2001),143 Ohio App.3d 205, 209.
Furthermore, "the spirit and purpose of the annexation laws of Ohio are to encourage annexation to municipalities and to give weight to the requests of property owners relative to the governmental subdivision in which they desire their property to be located." Smith at 614. As a result, "the choice of the property owner in annexing is a key consideration." Id. See, also, Middletown v. McGee (1988),39 Ohio St.3d 284, 286 (holding that "[i]n enacting the statutes governing annexation, one of the intentions of the legislature was `to give an owner of property freedom of choice as to the governmental subdivision in which he desires his property to be located.'").
During the October 14, 1997 hearing, appellant presented evidence showing that it would be commercially beneficial for his property to be annexed to the city. For example, if the approximately seventeen acres were annexed, appellant would be able to connect to the city's existing sanitary sewer and public water system and obtain electricity at a rate lower than available in the township.
If, however, the property stayed in the township, appellant would be required to use wells, which are more difficult and unreliable when multi-family units are involved. Furthermore, if appellant were to build multi-family residential units, he would be required to construct a "package sewage treatment plant" to comply with Environmental Protection Agency regulations because there was no sanitary sewer system in the township.
In response, the township did not dispute appellant's evidence concerning the benefits of accessing the city's utility systems. Rather, the majority of its evidence was directed to a comparison of the public safety services in the city and township. In particular, the township argued that the medical services available to people living in the township far exceeded those available to city residents because the Painesville Township Fire Department employed certified paramedics, whereas the city only employed emergency medical technicians. Moreover, the township also claimed that the Lake County Sheriff's Department would better serve the area in question because the department already regularly patrolled the territory.[1]
After looking at the record before us, we conclude that the common pleas court's decision affirming the board's denial was not supported by a preponderance of substantial, reliable, and probative evidence. Here, we have a situation where the person seeking annexation is the sole owner of the property in question. This is important because, as we noted earlier, annexation is encouraged, and the property owner's choice as to the governmental subdivision in which he desires his property to be located "is a key consideration." Smith at 614. See, also, In reAnnexation of 118.7 Acres in Miami Twp. (1990), 52 Ohio St.3d 124, 127
(observing that "[t]he desires of property owners relative to their lands is one of the basic underlying considerations of the Ohio General Assembly in enacting annexation laws."). Accordingly, unless there was evidence that the city was unable to provide essential services, the board could not use a comparison of services to justify denying annexation.
In Smith, supra, a majority of the Supreme Court of Ohio quoted with approval the following passage from the court of appeal's decision that determined annexation would be for the good of the property in that case:
 "`Therefore, unless it is shown that the city of Newark is unable to provide the necessary services that a city must provide, the commissioners may not use services as a justification to deny annexation. When considering a one hundred percent annexation or sole property owner annexation, such as presented in the case sub judice, it is even more important not to do a comparison of services to determine what is for the good of the territory. Thus, considering the above guidelines, as set forth by the Ohio Supreme Court, and the fact that this is a one hundred percent annexation petition, it is difficult to find any evidence that the annexation would not be for the good of the territory to be annexed.'" Smith at 615.
Looking at the evidence in the instant matter, there is nothing to indicate that the city was unable to provide adequate public safety services. Simply because the township employed certified paramedics on its fire department does not mean that the city's emergency medical technicians could not provide adequate care. "Changes in service providers are an inevitable consequence of the state's policy favoring annexation, and it would be inconsistent with this policy to consider such a change as a factor weighing against the general good of the territory." Brahm at 210.
In the case at bar, the duty of the board was not to decide what was "best for the territory." Instead, the board was required to grant appellant's petition if annexation was merely "good for the territory."Smith at 614. See, also, In re Annexation Petition 97-5 Sylvania Churchof God v. Lucas Cty. Bd. of Comms. (Mar. 10, 2000), 6th Dist. No. L-98-1386, 2000 Ohio App. LEXIS 870, at 9.
Considering the services offered by the city, as well as appellant's desire to have his property annexed, this court concludes that annexation would be for the general good of the property. In fact, the evidence clearly shows that with the use of the city's sanitary sewage and public water supply systems, appellant's property would greatly benefit from annexation. Otherwise, the economic development of the land would be greatly hindered due to the lack of similar systems in the township.
We understand the township's concerns about losing territory and recognize that deference should be given to the board's findings. The General Assembly, however, has chosen to "substantially [curtail] the discretion to be exercised by boards of county commissioners in [annexation] proceedings." Lariccia v. Mahoning Cty. Bd. of Commrs. (1974), 38 Ohio St.2d 99, 101. "The board is not to determine whether the annexation would be in the best interests of the political subdivisionfrom which the territory would be detached." (Emphasis added.) In reAnnexation of 118.7 Acres at 131. As a result, when a petitioner satisfies the requirements of R.C. 709.033 and the evidence establishes that annexation would be "for the general good of the territory to be annexed," a board of county commissioners must grant the petition. In reAnnexation of 118.7 Acres at 131.[2]
Based on the foregoing analysis, appellant's sole assignment of error has merit. The judgment of the common pleas court, therefore, is reversed, and the matter is remanded for further proceedings consistent with this opinion.
WILLIAM M. O'NEILL, P.J., DIANE V. GRENDELL, J., concur.
[1] As an aside, we would note that the township's arguments concerning congestion in the area are specious at best. There is no specific evidence that appellant unequivocally would forego developing the property if it were not annexed to the city. Thus, congestion could be a problem even if the property remains in the township.
[2] The General Assembly recently passed legislation overhauling the laws governing municipal annexations. See Am.Sub.S.B. No. 5.