OPINION
{¶ 1} The Bethel Township Board of Trustees is appealing the judgment of the Miami County Common Pleas Court, which permitted Huber Heights to annex a portion of land in Bethel Township.
 {¶ 2} Stephen and Rosemary Hammer are the owners of 37 acres of land located in Bethel Township, Ohio. On September 10, 2001, the Hammers, through their agent, Bradley Smith, filed an application with the Board of County Commissioners of Miami County, Ohio for the approval of the annexation of their property to the City of Huber Heights. A hearing on the application was held before the Miami County Commissioners on November 15, 2001. The majority of the evidence presented at the hearing was undisputed. However, an issue arose regarding whether the City of Huber Heights could provide sanitary sewer service to the territory and therefore whether the lack of this service rendered the annexation against the general good of the territory.
 {¶ 3} The Huber Heights' city manager and city engineer testified that the city would provide sanitary sewer services to the territory to be annexed. However, Mr. Garner, a civil engineer, testified for Bethel Township that the territory was in the Clark County Southwest Wastewater Treatment Plan rather than the Tri-Cities Authority Wastewater Treatment Plan that served Huber Heights. Mr. Garner testified that, as a result of this, Huber Heights would be legally unable to provide sanitary sewer service. In response, the Hammers presented evidence that the EPA-approved plans could be amended to allow Huber Heights to provide sanitary sewer service to this territory. However, the provision of sanitary sewer service could not be guaranteed.
 {¶ 4} The Miami County Board of Commissioners denied the petition for annexation on the basis that the annexation did not serve the general good of the territory because the City of Huber Heights had not shown that it would be able to provide sanitary sewer services to the territory. The case was appealed to the Miami County Common Pleas Court, which reversed the decision of the board, finding that there was evidence that the City of Huber Heights would be able to provide sanitary sewer service to the territory. Bethel Township has filed this appeal.
 {¶ 5} Bethel Township raises the following assignment of error:
 {¶ 6} "The court below erred in relying on evidence that was not competent, credible evidence and in substituting its judgment in favor of the judgment of the Miami County Board of Commissioners when it reversed the board's decision denying an annexation to the City of Huber Heights."
 {¶ 7} Bethel Township argues that no competent, credible evidence existed for the trial court's finding that the City of Huber Heights could provide sanitary sewer service and therefore that the annexation petition should not be granted since Huber Heights could not provide this "necessary service." We disagree.
 {¶ 8} When this court reviews an appeal from an administrative decision, "[o]ur inquiry is limited to a determination of whether we can say, as a matter of law, that there did exist a preponderance of reliable, probative and substantial evidence to support the finding [by the trial court]. Thus, a reviewing court must determine whether the trial court's judgment is against the manifest weight of the evidence."Essman v. Jefferson Twp. Bd. of Trustees (March 23, 1994), Montgomery App. No. 14149, quoting In re Annexation of 1,544.61 Acres in NorthhamptonTwp. (1984), 14 Ohio App.3d 231.
 {¶ 9} Annexation by municipalities of adjacent territory is encouraged in the State of Ohio. Smith v. Granville Twp. Bd. ofTrustees, 81 Ohio St.3d 608, 613, 1998-Ohio-340; Middletown v. McGee
(1988), 39 Ohio St.3d 284, 285. Under R.C. 709.033, "the board of county commissioners must grant the annexation if it is determined that the annexation will be for the `general good of the territory sought to be annexed.'" Smith, supra, at 614. This Court has previously stated that "the good of a territory is the equivalent of the good of the owners or the inhabitants." Trissell v. Bethel Twp. Bd. of Trustees (Dec. 12, 1997), Miami App. No. 97-CA-35, quoting In re Petition for Annexation of131.983 Acres (July 7, 1995), Miami App. No. 94-CA-15. Further, we have held that, when considering the general good of the property to be annexed, there need not be evidence that "the annexation will produce a discernible benefit to the land to be annexed; rather, they [the county commissioners] must be shown merely that no material benefit which the land currently enjoys will be lost if the proposed annexation takes place." Brahm v. Beavercreek Twp. Bd. of Twp. Trustees (2001),143 Ohio App.3d 205, 209, citing Washington Twp. Bd. of Trustees v.McLaughlin (Sept. 29, 1995), Montgomery App. No. 14830.
 {¶ 10} In determining the general good, the commissioners must consider the wishes of the owners to be annexed, as this is relevant to the welfare of the territory. McGee, supra, at 286. "[U]nless it is shown that the [annexing city] is unable to provide the necessary services that a city must provide, the commissioners may not use services as a justification to deny annexation." Smith, supra, at 615 (emphasis added).
 {¶ 11} In the instant case, the territory to be annexed, approximately 37 acres, is entirely owned by the Hammers. This territory currently does not have sanitary sewer service provided to it. Although the territory is in the Clark County Wastewater Treatment Plan, a sewer extension of nearly seven miles would be required in order for Clark County to provide sanitary sewer service to the property. However, the territory abuts property in the City of Huber Heights, which has sanitary sewer service through the Tri-Cities Authority Wastewater Treatment Plan. Although the City of Huber Heights had not yet arranged for an amendment to permit the Tri-Cities Authority to service that territory, an engineer for the City of Huber Heights testified that "[t]he City of Huber Heights is ready and willing to provide water and sewer to this area." Tr. p. 33.
 {¶ 12} Bethel Township argues that there is a legal impediment to the City of Huber Heights providing sanitary sewer services to the annexation territory. Further, the township argues that sanitary sewer services are a necessary service and therefore that annexation cannot be permitted because the City of Huber Heights cannot provide this necessary service. We disagree. Although in many communities sanitary sewer services would be considered a necessary service, the territory in the instant case has never had sanitary sewer service. Additionally, Bethel Township appears to have no plans to arrange for sanitary sewer service to be extended to the territory. Since the territory does not now have sanitary sewer service nor are there plans to provide sanitary sewer service if the annexation does not occur, we cannot say that sanitary sewer service to this territory is a necessary service.
 {¶ 13} Although the Ohio Supreme Court did state in Smith that the lack of a necessary service could be justification for denying a petition for annexation, the Smith case did not specifically address a situation where the territory was not currently receiving the service, as in this case. We find this Court's statement in Brahm regarding whether the territory will lose some benefit it currently enjoys to be relevant to this case. The Hammers need not show that they will receive a discernable benefit by the land being annexed but simply that they will not lose a benefit that they currently enjoy. Sanitary sewer service is not a benefit that the Hammers currently enjoy by being residents of Bethel Township, and thus we see no reason why they must show that they will gain the benefit of a sanitary sewer system as a result of the annexation.
 {¶ 14} Bethel Township argues that the Hammers hope to sell their property to a real estate developer, in which case sanitary sewer service would be necessary. However, we will not deny this annexation petition based on a hypothetical proposal which would make certain services necessary in the future. Instead, we feel we must focus on what services are necessary to the territory currently. Since the territory does not currently have sanitary sewer service, we find this is strong evidence that sanitary sewer service is not a necessary service for this territory.
 {¶ 15} Because we have found that sanitary sewer service is not a necessary service for the territory proposed to be annexed, we need not address whether competent, credible evidence existed that the City of Huber Heights could provide a sanitary sewer system. As no evidence existed that the City of Huber Heights could not provide the territory with a necessary service, the trial court was proper in overruling the Miami County Board of Commissioners' judgment that annexation was not for the good of the territory. Thus, we cannot say that the judgment of the trial court was against the manifest weight of the evidence. Bethel Township's assignment of error is without merit and is overruled.
 {¶ 16} The judgment of the trial court is affirmed.
FAIN, P.J. and WOLFF, J., concur.