DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, CMK, Ltd. and Riverside Development, Inc. (collectively referred to as "Petitioners"), appeal from the decision of the Lorain County Court of Common Pleas which affirmed the ruling of the Board of Commissioners of Lorain County (the "Board"). We affirm.
 I. {¶ 2} On October 25, 2001, Petitioners submitted a petition for annexation to the Board to annex approximately 53 acres of land from Columbia Township (the "Township") to the City of Strongsville ("Strongsville"). Petitioners are the sole owners of the 53 acres. The proposed annexation would result in the creation of four peninsulas of land remaining in the Township which would be bordered by Strongsville on three sides. The Board held a public hearing on January 17, 2002. The Board subsequently denied Petitioners' proposed annexation, finding that the territory was unreasonably large, and that the general good of the territory would not be served if the petition was granted. Petitioners appealed the Board's decision to the Lorain County Court of Common Pleas, which affirmed the denial of the annexation.
 {¶ 3} Petitioners appealed the trial court's decision to this Court. CMK, Ltd. v. Bd. of Cty. Commrs., 9th Dist. No. 02CA008185,2003-Ohio-4388. We found that the evidence necessary to review Petitioners' assignments of error was not included in the record on appeal. Id. at ¶ 12-13. Consequently, this Court presumed regularity in the trial court. Id. at ¶ 13. Petitioners filed a motion for reconsideration, arguing that the trial court failed to transmit the record to the clerk of the court of appeals. On September 5, 2003, this Court granted Petitioners' motion for reconsideration, vacated the prior decision, and reinstated the appeal.
 {¶ 4} Petitioners assert two assignments of error. We will address the assignments of error together to facilitate review.
 II. First Assignment of Error
"The Trial Court's Affirmative Of The Majority Of The Lorain County Board Of Commissioners' Denial Of The Annexation Petition Filed By The Sole Owners Of The Property To Be Annexed, Which Property Consisted Of Only 53 Acres And Shares A 1240 Feet Contiguous Border With The City Of Strongsville. As A Matter Of Law, Constitutes An Abuse Of Its Discretion, And Is Contrary To The Manifest Weight Of The Evidence." [sic]
 Second Assignment of Error
"The Trial Court's Affirmance Of The [Board] Of Commissioners' 2-1 Denial Of Sole Owners' Annexation Petition Is Error Because [Such Denial Is Not Supported] By A Preponderance Of Reliable Substantial And Probative Evidence In The Record."
 {¶ 5} In their first assignment of error, Petitioners assert that the trial court's decision to affirm the Board's denial of the annexation petition constitutes an abuse of discretion as a matter of law and is against the manifest weight of the evidence. In their second assignment of error, Petitioners assert that the trial court's decision is not supported by a preponderance of reliable, substantial and probative evidence in the record. We disagree.
 {¶ 6} An order denying a petition to annex a property may be appealed pursuant to R.C. 2506.01. Smith v. Granville Twp. Bd. ofTrustees (1998), 81 Ohio St.3d 608, 612. The scope of review by a court of such an administrative order is defined in R.C. 2506.04, which states:
"The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code."
 {¶ 7} The administrative ruling is initially appealed to the court of common pleas, which weighs the evidence in the record and may consider new or additional evidence. Smith, 81 Ohio St.3d at 612, citingDudukovich v. Lorain Metro. Hous. Auth. (1979), 58 Ohio St.2d 202, 207. The decision of the court of common pleas may then be appealed to an appellate court on questions of law. Smith, 81 Ohio St.3d at 613. An appellate court's function, however, does not involve a determination as to the weight of the evidence. In re Annexation of 1,544.61 Acres, (1984), 14 Ohio App.3d 231, 233. This Court's inquiry is limited to a determination of whether we can say, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence. Kisil v. Sandusky (1984),12 Ohio St.3d 30, 34; see, also, Dudukovich, 58 Ohio St.2d at 208.
 {¶ 8} The applicable statute governing annexations provides that the board of county commissioners shall hold a hearing on the petition to annex and allow the annexation if it finds that:
"(A) The petition contains all matter required in section 709.02 of the Revised Code.
"(B) Notice has been published as required by section 709.031 [709.03.1] of the Revised Code.
"(C) The persons whose names are subscribed to the petition are owners of real estate located in the territory in the petition, and as of the time the petition was filed with the board of county commissioners the number of valid signatures on the petition constituted a majority of the owners of real estate in the territory proposed to be annexed.
"(D) The municipal corporation to which the territory is proposed to be annexed has complied with division (B) of section 709.031 [709.03.1] of the Revised Code.
"(E) The territory included in the annexation petition is not unreasonably large; the map or plat is accurate; and the general good of the territory sought to be annexed will be served if the annexation petition is granted." R.C. 709.033.[1]
 {¶ 9} The statute provides that, before an annexation petition may be granted, the board must make all of the prescribed findings. In the present case, the Board found that the territory is unreasonably large and the general good of the territory will not be served if the petition is granted. Consequently, the Board denied the petition.
 General Good of the Territory {¶ 10} In determining the general good of the territory to be annexed, the choice of the property owner is a key factor. Smith,81 Ohio St.3d at 614. "Whether the proposed annexation will serve the general good of the inhabitants and owners of the territory sought to be annexed is a factual determination within the discretion of the board of county commissioners." Middletown v. McGee (1988), 39 Ohio St.3d 284,288. However, when considering a sole property owner annexation, it is important not to do a comparison of services to determine what is for the general good of the territory. Smith, 81 Ohio St.3d at 615, citing Smithv. Granville Twp. Bd. of Trustees (Oct. 8, 1996), 5th Dist. No. 96CA98. Unless it is shown that the city is unable to provide adequate services, the board may not use services as a justification to deny annexation. Id.
 {¶ 11} In support of its finding that the general good of the territory would not be served by granting the annexation, the Board found that (1) although sewers were not available outside of Strongsville at the time the petition was filed, there are negotiations for the availability of sewers in the Township; (2) the zoning the Petitioners seek will soon be available in the Township; (3) Petitioners will have to obtain rezoning once annexed into Strongsville; (4) a recent annexation involving different parties did not result in the preferred zoning, and those landowners now wish to come back into the Township; and (5) the Township will offer zoning that is closest to what the Petitioners seek.
 {¶ 12} The factors cited by the Board compare the zoning and services of the Township with that of Strongsville. Given that this is a sole property owner annexation, it was improper for the Board to compare services to determine what is for the general good of the territory. See Smith, 81 Ohio St.3d at 615. Upon review of the evidence, we find that, as a matter of law, the Board's decision that the general good of the territory would not be served by annexation is not supported by a preponderance of reliable, probative and substantial evidence. Kisil,12 Ohio St.3d at 34.
 Unreasonably Large {¶ 13} Although the Board erred in finding that the general good of the property would not be served by annexation, the Board also based its decision to deny the annexation on the finding that the territory was unreasonably large. When considering whether an area to be annexed is unreasonably large, a board should consider the following:
"(1) the geographic character, shape, and size of the territory to be annexed in relation to the territory to which it will be annexed, and in relation to the territory remaining after the annexation is completed; (2) the ability of the annexing city to provide the necessary municipal services to the added territory; and (3) the effect on remaining township territory if annexation is permitted." In re: The Proposed Annexation of222.71 Acres (Sept. 12, 2001) 9th Dist. No. 20563, citing In re:Annexation of 1,544.61 Acres (1984), 14 Ohio App.3d 231, 233.
 {¶ 14} The first factor requires us to consider the geographic character, shape and size of the territory as it relates to both Strongsville and the Township. In support of its finding that the territory was unreasonably large, the Board found that the "zigzag shape" of the territory, due to the creation of four peninsulas, would have a detrimental impact upon the territory to be annexed due to the following reasons: (1) difficulty controlling surface water drainage; (2) confusion in the provision of emergency services; (3) unnecessary duplication in the installation of utility services and the creation of disputes regarding those services; and (4) complexity in addressing houses.
 {¶ 15} The Board also addressed the third factor in determining whether a territory is unreasonably large, and found that the portions of the territory which remained in the Township after annexation would suffer the same problems described above.
 {¶ 16} The evidence regarding surface water drainage included testimony from Mr. Carney, the Sanitary Engineer for Lorain County. Mr. Carney testified that the county departments would be able to handle any storm water issues in the Township after annexation. Philip Degrout, a civil engineer who specializes in hydrology and water resources, testified that annexing this land to Strongsville would likely cause more flooding and erosion in the Township.
 {¶ 17} An appellate court's function does not involve a determination as to the weight of the evidence. In re Annexation of 1,544.61 Acres, 14 Ohio App.3d at 233. Given this Court's very limited review, we cannot say, as a matter of law, that the Board's decision was not supported by a preponderance of reliable, probative and substantial evidence.
 {¶ 18} The trial court did not err in finding that the Board's decision that the territory was unreasonably large was supported by a preponderance of reliable, probative and substantial evidence. Consequently, Petitioners' assignments of error are overruled.
 III. {¶ 19} Petitioners' assignments of error are overruled, and the judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
SLABY, P.J., BAIRD, J.
[1] The current version of R.C. 709.033 was effective October 26, 2001. Petitioners filed their petition on October 25, 2001; therefore, we apply the previous version of the statute.